## 58026. WHITE v. THE STATE.

SMITH, Judge.

Appellant was convicted of burglary. He raises four enumerations of error. Finding none of them meritorious, we affirm the conviction.

1. The evidence adduced at trial, though largely circumstantial, was such that a rational trier of fact could reasonably have found proof of appellant's guilt beyond a reasonable doubt. Appellant's appeal on the general grounds must therefore be rejected.

2. Appellant asserts that the trial court erred in denying appellant's motion for directed verdict. A directed verdict should be granted in a criminal case where there is no conflict in the evidence and the evidence demands a verdict of acquittal. "Since... the evidence here authorized appellant's conviction, that evidence could hardly be found to demand a verdict of acquittal. There was no error in denying appellant's motion for a directed verdict. See also *Mitchell v. State,* 238 Ga. 167 (231 SE2d 773)." *McCane v. State,* 147 Ga. App. 730, 731 (250 SE2d 181) (1978).

3. The trial court charged the jury as follows: "Ladies and gentlemen of the jury, if you believe the contentions of the defendant, it would be your duty to acquit." Appellant argues that the jury could have inferred from this statement that if they did not believe appellant's contentions, it would be their duty to find appellant guilty. Appellant contends the charge may have led the jury to believe that they did not have to find proof of appellant's guilt beyond a reasonable doubt. This contention is

without merit. Immediately following the charge quoted above, the trial judge instructed the jury: "On the other hand, if under the instructions that I have given you, you believe from the evidence in this case and believe beyond a reasonable doubt that the defendant [committed the offense for which he is charged]. . ., you would be authorized to find him guilty." We find no error in the instruction as given. *Hamilton v. State,* 131 Ga. App. 69 (205 SE2d 24) (1974).

4. In response to a question by appellant's counsel, appellant testified that, following the burglary, the burglary victim found appellant, pointed a gun at his head, and forced him to disclose that the stolen property was in appellant's house. Appellant contends that the trial court erred in failing to instruct the jury, even in the absence of a request, that only voluntary admissions could be used in reaching a verdict. We disagree.

"There is no necessity for the court to charge on the voluntariness of a confession unless there is a request for it. *McCorquodale v. State,* 233 Ga. 369 (211 SE2d 577) (1974)." *Sullens v. State,* 239 Ga. 766, 768 (238 SE2d 864) (1977). Similarly, in the absence of a request, the court is not required to charge on the voluntariness of an incriminating admission. *Sullens v. State,* supra; *Curry v. State,* 230 Ga. 221 (196 SE2d 443) (1973).

*Judgment affirmed. Quillian, P.J., and Birdsong, J., concur.*

SUBMITTED JUNE 12, 1979 — DECIDED OCTOBER 1, 1979.

*James R. Jester,* for appellant.
*Randall Peek, District Attorney,* for appellee.