## 58699. RUSSELL v. THE STATE.

SHULMAN, Judge.

Defendant appeals his conviction of the offense of aggravated assault, in violation of Code Ann. § 26-1302 (b). We affirm.

1. Appellant's contentions of error on the general grounds are without merit.

A. Even assuming, as appellant contends, that the victim initiated the "fight," "[t]he mere fact that the defendant did not initiate the fight does not necessarily show that he was not guilty of aggravated assault. . ." *Hooks v. State,* 138 Ga. App. 539 (1) (226 SE2d 765).

B. Moreover, although defendant asserts a claim of self-defense, the evidence adduced at trial supports the state's contention that defendant's actions (resulting in the wounding of the victim by a gunshot fired by defendant) constituted the criminal offense of assault with a deadly weapon.

The evidence showed that the victim entered defendant's property to talk to the defendant (who had been a friend of the victim for years) to find out why the defendant was angry with the victim's family. The victim testified that appellant, who was seated in his truck, struck at the victim and that a scuffle ensued, following which the victim attempted to leave. Two shots were then fired by defendant, one of which struck the victim in his

chest.

Since the evidence presented at trial upholds the state's assertion that defendant fired his weapon at the defendant while the victim, unarmed, was in the act of walking away from the defendant, the jury was authorized to reject defendant's contentions of self-defense (see *Smith v. State,* 232 Ga. 99 (2) (205 SE2d 188); *Giles v. State,* 239 Ga. 835 (239 SE2d 25)) and find defendant guilty of the offense charged. See, e.g., *Smith v. State,* 142 Ga. App. 82 (235 SE2d 44); *Tucker v. State,* 144 Ga. App. 30 (1) (240 SE2d 304); *Hendrix v. State,* 145 Ga. App. 170 (1) (243 SE2d 112).

A review of the record thus reveals that a rational trier of fact could reasonably have found defendant guilty of aggravated assault beyond a reasonable doubt. Jackson v. Virginia, — U.S. — (99 SC 2781, 61 LE2d 560). Therefore, the judgment entered in accordance with the jury's verdict of guilty will not be disturbed on appeal.

2. Nor do we find cause for reversal on the court's charge on Code Ann. § 26-604, which charge, appellant contends, was impermissibly burden-shifting under the authority of Sandstrom v. Montana, — U.S. — (99 SC 2450, 61 LE2d 39) (1979).

Since defendant did not raise the defense of accident at trial; that is, since defendant did not deny his intent to fire the pistol, or otherwise present evidence of accident, the charge as given created merely a "permissive presumption" and did not constitute error. *Skrine v. State,* 244 Ga. 520.

3. Appellant complains of the court's failure to charge, without request, the law on circumstantial evidence. Since there was direct evidence of defendant's guilt by virtue of the victim's testimony, there was no error.

" 'It is only where a case is wholly dependent upon the law of circumstantial evidence that the trial judge is required to give the law of circumstantial evidence . . .' " *Smith v. State,* 132 Ga. App. 691, 693 (4) (209 SE2d 112).

Finding no error, the judgment of the trial court is affirmed.

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

ARGUED OCTOBER 3, 1979 — DECIDED DECEMBER 4, 1979 —

*Frank K. Martin,* for appellant.
*William J. Smith, District Attorney, Tasca A. Williams, Assistant District Attorney,* for appellee.