## 58267. CHAFIN et al. v. THE STATE.

SMITH, Judge.

Appellants were convicted of aggravated assault. We affirm the conviction.

1. Although there were conflicts in the evidence, it cannot be seriously disputed that a rational trier of fact could reasonably have found beyond a reasonable doubt that appellants were guilty of aggravated assault.

2. We find no merit in appellants' contention that the trial court committed reversible error in denying appellants' request that a person who testified that he was the assailant be permitted to sit with appellants during an in-court identification. "The trial court has broad discretion to handle these matters and his discretion will not be controlled unless it is manifestly abused." *Pearley v. State,* 235 Ga. 276, 277 (219 SE2d 404) (1975).

3. At trial, the victim identified appellants as the individuals who confronted him. In addition, the victim testified that he identified appellants at an out-of-court lineup. Appellants did not object to the testimony relating to the out-of-court lineup or the in-court identification. They cannot do so for the first time on appeal. "We have held in the past and so hold now that a party cannot sit idly by and ignore what appears to him to be an injustice,

in the hope of a favorable verdict, and then complain when these hopes are denied him by an unfavorable one." *Strozier v. State,* 231 Ga. 140, 141 (200 SE2d 762) (1973).

4. Following the charge to the jury, the trial court asked counsel if they had any objections to the charge. Appellants' counsel responded: ". . . It occurred to me that there was, at least during the preliminary stage, there was a physical touching between McDougal and Mr. Kimmich, and to that extent it may be fruitful or helpful if the court pointed out that that initial touching between the two could not be held against Mr. McDougal if it was in the nature of resisting an assailant's provocation or an assailant's initial assault . . ." Even assuming that the trial court erred in failing to charge the jury in accordance with this request, such error, in light of the charge actually given to the jury, was cured by the verdict. Appellants were convicted of assault with a deadly weapon. The trial court's instruction made it abundantly clear that a conviction for this offense could not be based upon a mere "physical touching."

5. The trial court instructed the jury on assault with a deadly weapon as follows: "Now, I charge you that hands, fists, and shoe-clad feet used in the act here alleged as being an aggravated assault of a person are not necessarily or per se deadly weapons, but may or may not be deadly weapons depending upon the circumstances of the case; that is the size and weight of the articles or instrumentality used, and the extent of the injuries to the person attacked . . ." Appellants assert that the trial court committed reversible error in failing to charge the jury that they could also consider the *manner* in which hands, fists, and shoe-clad feet were used. This assertion must be rejected. The record establishes that appellants did not object to the trial court's failure to charge on manner of use. Appellants have therefore waived any objection predicated upon this omission to charge. *White v. State,* 243 Ga. 250 (253 SE2d 694) (1979).

Moreover, given both the severe injuries sustained by the victim and the trial judge's instruction that "hands, fists, and shoe-clad feet are not necessarily or per se deadly weapons, but may or may not be deadly weapons depending upon the circumstances of the case . . . ," the failure of the trial court to instruct the jury that manner of use could also be considered was, at most, harmless error. *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869) (1976).

6. In denying appellants' request that they be released on bond pending a hearing on their motion for appeal bond, the trial judge stated: "In this court, convicted felons go to jail." Appellants

124

contend that this remark evidences a predisposition on the part of the trial judge to incarcerate appellants in connection with their sentence. This contention is meritless. In context, the remark amounted to nothing more than a denial of appellants' request for release on bond pending a hearing on their motion for appeal bond. We find no error.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

ARGUED SEPTEMBER 10, 1979 — DECIDED JANUARY 7, 1980 — REHEARING DENIED MARCH 26, 1980—

*Hirsch Friedman, Stephen T. Maples,* for appellants.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Thomas Jones, R. David Petersen, Assistant District Attorneys,* for appellee.