## 60772. HUDSON v. THE STATE.

DEEN, Chief Judge.

Ronald Hudson appeals from his conviction for robbery following the denial of his motion for a new trial.

1. Hudson first contends that the trial court erred in denying his motion for a directed verdict of acquittal because the evidence was insufficient. We disagree.

The victim, Zeigler, testified that he had taken $15.00 to the local grocery store, purchased some coffee and received $13.09 in change which he placed in the right front pocket of his trousers. He then went upstairs over the store to a rooming house to visit a friend. His friend was not at home, so he immediately came back down the stairs. When he reached the bottom, he was jumped by two men he had seen earlier sitting outside the store. He did not recognize one of his assailants, but did recognize Hudson who had been a life-long friend although he had not seen him for a couple of years. Zeigler testified that the men hit him with their fists in his stomach and face for about five minutes and that they knocked him down, kicked him and got the money out of his pocket. He could not, however, determine which of his attackers took the money from his pocket.

A witness who lived above the grocery store testified that he was across the street when the incident occurred. A small boy informed him that the men were fighting and the witness said he could see pushing in the hallway. He identified Hudson as one of the men engaged in the fight and thought, at first, that Hudson was trying to break up a fight. Later, he noticed that when the other attacker fled, Hudson followed.

A nine-year-old boy testified that at the time of the robbery he was in the grocery store where his father worked and heard a noise in the hallway. He ran outside and looked in the hallway and saw two men beating Zeigler. He identified them as Ray Jackson and the defendant. He told the men to stop and when he went to call the police, the men fled. The victim subsequently reported the robbery to

the investigating officer and identified Hudson as one of his attackers.

Hudson took the stand on his own behalf and testified that he saw Jackson rob the victim in the hallway. He heard a commotion, saw the men struggling, and tried to break them apart. He admitted that he ran after Jackson, but claimed that he merely wanted to find out what had occurred. He claims that he did not catch up with Jackson so he went to see someone about a job. He admitted that he made no attempt to contact the police to tell his side of the story before he was arrested several days later. Both Hudson and Jackson were indicted for robbery, but Jackson skipped bond and was not tried.

Appellant admits that he was present in the hallway, but claims that he was trying to break up the fight. The credibility of a witness is solely a jury question. *Jones v. State,* 147 Ga. App. 296 (248 SE2d 557) (1978). The boy's testimony conflicts with appellant's story and the jury is the final arbiter of conflicts in the evidence. *Bradham v. State,* 148 Ga. App. 89 (250 SE2d 801) (1978).

After the verdict is approved by the trial court, the evidence must be construed to uphold the verdict. *Glover v. State,* 237 Ga. 859 (230 SE2d 293) (1976). After examining the transcript we find that there was sufficient evidence for the jury to find that the appellant was at least a party to the robbery. As the evidence authorized the conviction, the trial court did not err in denying Hudson's motion for a directed verdict of acquittal. *White v. State,* 151 Ga. App. 559 (260 SE2d 554) (1979).

2. Appellant next contends that he was denied effective assistance of counsel because his attorney elicited from the investigating officer the fact that he plead guilty at the preliminary hearing.

The right to effective counsel is not the right to errorless counsel, and not counsel judged ineffective by hindsight, but counsel which is reasonably likely to render and is rendering reasonably effective assistance. *Jones v. State,* 243 Ga. 820 (256 SE2d 907) (1979). Effectiveness of counsel is not judged by the results of trial. *Thomas v. State,* 145 Ga. App. 69 (243 SE2d 250) (1978). Errors of judgment and tactical errors do not constitute ineffective assistance of counsel, *Suits v. State,* 150 Ga. App. 285 (257 SE2d 306) (1978), and an attorney does not become incompetent because of a single act even though it may have been a mistake in judgment. *Marshall v. State,* 128 Ga. App. 413 (197 SE2d 161) (1973). Where retained counsel is a goodstanding member of the State Bar, a prima facie cause of competence is made out. *Harrell v. State,* 139 Ga. App. 556 (228 SE2d 723) (1976).

The trial transcript shows that counsel cross-examined witnesses, made frequent objections, made a motion for a directed verdict, presented appellant's defense and made opening and closing statements to the jury. We do not find that counsel was ineffective.

3. The appellant was not denied due process of law because the prosecutor conducted an improper cross-examination. The prosecutor asked appellant if he called the victim's mother and told her he took the victim's money. The appellant admitted calling the victim's mother, but testified that he told her he did not do it. The trial judge cut off the prosecutor's question as to whether the victim's mother would be lying, and the question was withdrawn. Appellant did not object to this line of questioning and has failed to show how it harmed him. For error to be reversible, it must be harmful. *Rutledge v. State,* 152 Ga. App. 755 (264 SE2d 244) (1979). As appellant made no objection or attempt to rebut any alleged inference from the state's questions or request any curative instructions, he cannot complain at this late date. See *Wright v. State,* 152 Ga. App. 868 (264 SE2d 316) (1980).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

Submitted October 1, 1980 — Decided October 28, 1980.

*Thomas McKee West,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellee.