## 62103. NICHOLSON v. THE STATE.

DEEN, Presiding Judge.

Majorie Nicholson was convicted of simple assault and appeals following the denial of her motion for a new trial.

1. The trial court did not err in failing to grant the defendant's motion for a mistrial. All of the state's witnesses testified that the incident in question occurred on Tuesday, July 3, and the warrant which was introduced in evidence bore that date. One of the defendant's witnesses testified on direct that the incident occurred on Wednesday, July 4. He was extensively cross-examined as to the correct date. "Q. If I told you this incident happened on July 3rd we'd all be wrong wouldn't we? A. I don't know. Q. It didn't happen on Tuesday night then, did it? A. It happened on Wednesday night. Q.

Wednesday night, are you sure of that? So if Ms. Nicholson was arrested at 3:00 o'clock on Wednesday before the incident then you—" Before the prosecutor's question was completed, counsel objected. In overruling the motion, the court noted that the question was incomplete and it could not determine to what the question was going to refer.

As the court held in *Jackson v. State,* 156 Ga. App. 255, 256 (274 SE2d 665) (1980), we find "[t]he testimony did not clearly place the defendant's character in issue as it was ambiguously incomplete." No objection was made to the court's failure to give any curative instructions, and we find no fatal error flowing from this failure because Ms. Nicholson volunteered information as to her arrest for DUI on July 4 when she took the stand on her own behalf.

2. The defendant contends that after the rule of sequestration was invoked it was violated by the victim's nine-year-old son who ate lunch with his mother and grandparents who were all witnesses in the case and had already testified.

When the rule was invoked its effect and manner of observance was not explained to the witnesses and no objection to this oversight was made by counsel. It was only after the boy completed his testimony on cross-examination that defense counsel moved the court to strike all of his testimony. The court then proceeded to question the boy outside of the presence of the jury. When he was asked if his mother told him what she was asked, he replied that she had said one thing, but couldn't remember what it was and that no one had told him what he ought to say in court or what questions they thought might be asked of him. After further examination to determine if the boy understood the importance of being truthful, the court denied the motion.

We do not believe that the challenge to the boy's testimony was timely. This situation appears to be analogous to that in a motion for mistrial in which this court has held that the motion must be timely made or be considered waived. *Favors v. State,* 145 Ga. App. 864 (244 SE2d 902) (1978). The trial court is given broad discretionary powers in administering the sequestration rule and this discretion will not be controlled absent manifest abuse. *Cobb v. State,* 244 Ga. 344 (260 SE2d 60) (1979).

3. Error is also cited in the court's failure to instruct the jury as to the effect to be given testimony when there is a violation of the rule. After the jury returned, the court explained the problem and informed it that there might have been a technical violation of the rule, and instructed them to bear that in mind. As no objection was raised to this instruction, there is nothing for this court to review. *Chafin v. State,* 154 Ga. App. 122 (267 SE2d 625) (1980).

4. The general grounds are also without merit. The evidence showed that Ms. Nicholson ran a motel at which the victim, her son and her parents were guests. Apparently, problems arose between the two women over some forks, baking a ham while the air conditioner was running, knocking on the victim's door during the night and the behavior of the child. Eventually the women got into a fight. Three witnesses and the victim testified that the defendant called her ugly names and struck the first blow. Ms. Nicholson admits hitting the victim, but claims that the victim hit her first.

The credibility of the witnesses is solely a question for jury determination. *Redd v. State,* 154 Ga. App. 373 (268 SE2d 423) (1980). We have reviewed all the evidence admitted at trial and find that a rational trier of fact could have reasonably found that the defendant was guilty beyond a reasonable doubt. *Brown v. State,* 152 Ga. App. 144 (262 SE2d 510) (1979).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED JUNE 17, 1981.

*Harl C. Duffey, Jr.,* for appellant.

*Larry Salmon, District Attorney, Stephen F. Lanier, Assistant District Attorney,* for appellee.