70879. BRUNETTI v. THE STATE.
70889. LOWE v. THE STATE.
70891. JOHNSON v. THE STATE.
(335 SE2d 414)

BANKE, Chief Judge.

Defendants Eugene Brunetti (erroneously indicted as Brumetti), James Franklin Lowe, and Rick E. Johnson were jointly indicted and tried on the charge of trafficking in cocaine. See OCGA § 16-3-31 (a). Brunetti was convicted as charged, while the other two defendants were found guilty of criminal attempt as a lesser included offense. Each filed a separate appeal to this court.

The evidence showed that on July 26, 1983, undercover law enforcement agents Smith and Kersey met with defendant Brunetti and purchased a sample of cocaine from him for $1,500. At this time, discussions ensued regarding the possible purchase of an additional kilogram of cocaine for $65,000. The following day, agent Smith finalized the arrangements for such a purchase during the course of three taped phone conversations with Brunetti, it being agreed that the delivery of the cocaine would be effected at one location and the payment of the money made at another. That afternoon, Smith and Kersey were led by Brunetti to a motel room, where they were met by defendant Johnson. Brunetti asked Johnson if "it" was still there, and Johnson answered in the affirmative. Brunetti then reached under the bed, removed a grocery bag, and emptied its contents onto the bed. These contents were later analyzed by the State Crime Laboratory and determined to be 982 grams of cocaine, about 94 percent

pure.

After performing some initial tests on the cocaine at the motel room and finding it to be acceptable, agent Smith disclosed to Brunetti the location of another motel room where the money was being held. Brunetti then made a phone call to someone, and defendant Lowe later appeared at this second motel room, where a Georgia Bureau of Investigation agent was waiting with $65,000 in cash. After counting $25,000 of the money, Lowe told the agent that he would "trust him for the rest." Questioned by the GBI agent about the number of "bosses" involved in the transaction, Lowe replied that there were no other bosses, that he was the boss, and that things would go smoother in the future. All three defendants were arrested immediately after these events transpired.

Defendant Lowe testified that he did not know he was involved in a drug transaction but believed he was assisting Brunetti with a jewelry sale. Brunetti admitted his involvement in the transaction but testified that he had been induced to procure the cocaine by the persistent threats and demands of a night club bouncer named Al Norris. He further maintained that he was merely acting as a middleman for an unknown supplier. Defendant Johnson did not testify. *Held*:

1. Brunetti enumerates as error the court's failure to charge the jury that they might find him guilty of criminal attempt as a lesser included offense. The court did charge the jury that Lowe and Johnson could be found guilty of criminal attempt as a lesser included offense but ruled that because Brunetti had raised the defense of entrapment, he had thereby acknowledged his knowing involvement in the completed transaction and consequently was not entitled to such a charge. We hold that, given the fact that Brunetti admitted making the arrangements for the sale of the cocaine which was the subject of the indictment and further admitted both accompanying the two undercover agents to the motel room where the cocaine was located and physically transferring it to the possession of the undercover agents, there was no basis upon which the jury could have determined that he was guilty merely of criminal attempt to distribute or traffick in cocaine. Consequently, we hold that the trial court did not err in refusing to give his requested charge on criminal attempt as a lesser included offense. See generally *Sanders v. State*, 251 Ga. 70 (4) (303 SE2d 13) (1983).

2. The court did not err in refusing to grant a defense motion for disclosure of the identity of the informant who had introduced the undercover agents to Brunetti. "Where a person merely takes an undercover agent to a location and identifies or introduces the agent to a seller of drugs, with all arrangements for the sale being wholly made by the agent, even if the sale is witnessed by the introducer, such introducer . . . acts as a tipster only and not as a decoy so as to re-

quire a disclosure of name, address, or similar information." *Gilmore v. State*, 168 Ga. App. 76, 77 (308 SE2d 232) (1983). Furthermore, although this informant was acknowledged to have been present during the transaction of July 26, 1983, when the agents purchased the initial sample of cocaine from Brunetti, there is no indication whatever that he was involved in either the preparations for or the execution of the sale which took place the following day, which was the only transaction for which the defendants were on trial.

3. It was not error to deny the defendants a continuance to allow the informant to be located, absent a showing both that the witness' testimony would be materially favorable to them and that his presence could be anticipated at a subsequent term of court. See generally OCGA § 17-8-25.

4. We reject defendant Johnson's contention that he was convicted on the basis of circumstantial evidence which was consistent with his innocence. There was in fact direct evidence of Johnson's involvement, and the evidence as a whole was amply sufficient to enable a rational trier of fact to find him guilty at the very least of criminal attempt, beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89 (1) (263 SE2d 131) (1980).

5. The court did not abuse its discretion in denying motions by defendants Lowe and Johnson for severance of their trials from that of Brunetti, the evidence regarding the execution of the sale being essentially the same with regard to all three defendants. See generally *Dixon v. State*, 243 Ga. 46 (2) (252 SE2d 431) (1979); *Reaves v. State*, 242 Ga. 542 (3) (250 SE2d 376) (1978).

6. Defendant Lowe contends that the trial court improperly discriminated against him by allowing him only six peremptory strikes while allowing his two co-defendants seven apiece. This contention is without merit. The court's action was fully authorized by and consistent with OCGA § 17-8-4, which provides in pertinent part as follows: "When two or more defendants are tried jointly for a crime or offense, such defendants shall be entitled to the same number of strikes as a single defendant if tried separately. The strikes shall be exercised jointly by the defendants or shall be apportioned among the defendants in the manner the court shall direct."

7. Since there was direct evidence of Lowe's involvement in the sale, the court did not err in refusing his request for a charge on the standard of proof required to convict in a circumstantial evidence case. See generally *Russell v. State*, 152 Ga. App. 693 (3) (263 SE2d 689) (1979).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

Decided September 4, 1985 —
Rehearing denied September 24, 1985 —

*Michael H. Lane,* for appellant (case no. 70879).
*Michael H. Lane, R. David Botts,* for appellant (case no. 70889).
*Margaret H. Earls, Michael H. Lane,* for appellant (case no. 70891).
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Chris Jensen, Assistant District Attorneys,* for appellee.