## 70748. CARTER v. THE STATE.
(337 SE2d 413)

BEASLEY, Judge.

Convicted of rape, aggravated sodomy, kidnapping and theft by taking, the defendant's sole enumeration of error is that his trial counsel was ineffective.

1. The defendant raises no state ground but contends he was denied effective assistance of counsel as guaranteed by the federal constitution.

2. The defendant's convictions came after his second trial. His first trial resulted in a mistrial. Defendant's retained counsel for the first trial withdrew. At the second trial he was represented by appointed counsel whom defendant now contends was ineffective under federal constitutional standards because counsel did not utilize some of the witnesses who appeared at defendant's first trial. The testimony of two of those witnesses dealt with purely peripheral matters. Thus, defendant through his present counsel primarily urges error because one witness, a Lt. Kendrick, was not called at his second trial.

The victim, who was positive in her identification of the defendant as perpetrator of the crimes charged, testified that her attacker wore a "beeper." Investigation established that the defendant had previously rented a "beeper" or electronic pager from a local two-way communications and paging service. According to a witness who worked for that firm she had located the defendant's name based upon a composite furnished her by the police and the fact she had handled the transaction with defendant when he rented the beeper. At the first trial, Lt. Kendrick testified he believed that he furnished the witness with defendant's name and she then called him and confirmed that defendant had a "beeper" obtained from her company.

He conceded the witness may have mentioned defendant's name first and he responded: "that's our man." At both trials, the defendant admitted that he owned a pager:

A little more than a year ago the U. S. Supreme Court issued two landmark decisions regarding the determination of whether an accused has been denied effective assistance of counsel. *United States v. Cronic,* ___ U. S. ___ (104 SC 2039, 80 LE2d 657) (1984) and *Strickland v. Washington,* ___ U. S. ___ (104 SC 2052, 80 LE2d 674) (1984).

The following precepts were therein enunciated. The burden of demonstrating a constitutional violation rests upon the accused since lawyer competency is presumed. The prime issue is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." In this regard the defendant's burden encompasses two separate tests. First, accused must show that counsel's performance was deficient in that he committed errors so serious as not to be functioning as "counsel" guaranteed by the Sixth Amendment. Second, accused must show such deficient performance prejudiced the defense so as to deprive accused of a fair trial. The standard as to the first test is "reasonably effective assistance" based on the facts of the particular case. As to the second, the standard is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." See our discussion in *Davenport v. State,* 172 Ga. App. 848, 851 (2) (325 SE2d 173) (1984).

Here Lt. Kendrick's testimony can almost be described as referring to a non-issue. Certainly it would show a discrepancy in the recollection of the witness from the paging firm as to whether she found the defendant's name based on a composite or whether it was furnished to her by the police. However, the issue was whether he had rented a pager or "beeper" which admittedly he had. Assuming arguendo that it was an error of judgment not to call the witness,[1] still there is no reasonable probability that the result would have been different had the witness been called. That being true, defendant failed to establish at least one of the two ingredients necessary to carry his claim of ineffective assistance of counsel.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

---

[1] "Errors of judgment and tactical errors do not constitute ineffective assistance of counsel . . . and an attorney does not become incompetent because of a single act even though it may have been a mistake in judgment." *Hudson v. State,* 156 Ga. App. 281, 282 (2) (274 SE2d 675) (1980). See also *Davis v. State,* 172 Ga. App. 787, 790 (4) (324 SE2d 767) (1984). Although it is not clear from the opinions whether these are stated as principles of federal constitutional law, they are in keeping with the standards set in *United States v. Cronic,* supra, and *Strickland v. Washington,* supra.

DECIDED OCTOBER 30, 1985.

*Willyerd R. Collier*, for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney*, for appellee.