75023. HOSCH v. THE STATE.
(363 SE2d 258)

BEASLEY, Judge.

Defendant appeals his aggravated battery conviction, OCGA § 16-5-24.

1. Defendant contends that the evidence was insufficient to sustain his conviction because, while only the victim identified defendant as his assailant, three alibi witnesses testified that the defendant was with them away from the scene before, during and after the time of the occurrence.

"Where there is a conflict in the testimony of witnesses, their credibility is for the jury, and not this court, to decide." *Martin v. State*, 95 Ga. App. 519 (98 SE2d 105) (1957). See *Jamison v. State*, 162 Ga. App. 635 (292 SE2d 515) (1982). "On appeal of a conviction based on a jury verdict" the appellate court examines "the evidence in a light most favorable to support that verdict" and resolves "all conflicts in favor of the verdict." *Anderson v. State*, 245 Ga. 619, 622 (1) (266 SE2d 221) (1980).

Applying these precepts, the evidence was sufficient for a rational trier of fact to find the essential elements of the offense charged beyond a reasonable doubt. *Magsby v. State*, 169 Ga. App. 637 (1) (314 SE2d 473) (1984); *Taylor v. State*, 178 Ga. App. 817 (1) (344 SE2d 748) (1986) (Beasley, J., concurring specially).

2. Defendant contends that his trial counsel's representation, which trial counsel described during the sentencing phase as a strategy of honesty, was ineffective because in following this tack he deliberately allowed the jury to be apprised of defendant's prior record.

We therefore consider "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Carter v. State*, 176 Ga. App. 632, 633 (337 SE2d 413) (1985), quoting from *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). See *United States v. Cronic*, 466 U. S. 648 (104 SC 2039, 80 LE2d 657)

(1984).

In order to prevail defendant must meet two tests: 1) he must show that trial counsel's performance was deficient in that he made errors so serious that he was not functioning as the "counsel" guaranteed defendant by the Sixth Amendment; 2) defendant must show that the defense was prejudiced by the deficient performance so that defendant was deprived of a fair trial, one whose results were reliable. *Davenport v. State,* 172 Ga. App. 848, 851 (2) (325 SE2d 173) (1984).

Trial strategy and tactics do not equate with ineffective assistance of counsel. Effectiveness is not judged by hindsight or by the result. Although another lawyer may have conducted the defense in a different manner and taken another course of action, the fact that defendant and his present counsel disagree with the decisions made by trial counsel does not require a finding that defendant's original representation was inadequate. *Solomon v. State,* 247 Ga. 27, 28 (1) (277 SE2d 1) (1981); *Kervin v. State,* 178 Ga. App. 601, 605 (3) (344 SE2d 441) (1986); *Harrell v. State,* 139 Ga. App. 556, 557 (2) (228 SE2d 723) (1976). Even if trial counsel's strategy was flawed, it was not sufficient to render his representation ineffective under the law as expressed in the aforementioned cases.

Thus the trial court did not err in finding against defendant on his claim of ineffective counsel.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 24, 1987 —
REHEARING DENIED NOVEMBER 24, 1987.

*Carl P. Greenberg,* for appellant.

*Robert E. Wilson, District Attorney, Elisabeth G. MacNamara, Robert E. Statham III, Assistant District Attorneys,* for appellee.