A90A0730. GARRETT v. THE STATE.
(397 SE2d 205)

CARLEY, Chief Judge.

Appellant was tried before a jury on a five-count indictment but was found guilty of only those counts charging him with aggravated assault, discharge of a firearm near a public highway, and criminal damage to property. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's verdicts of guilt.

1. After securing new counsel, appellant filed a timely motion for new trial wherein the purported ineffectiveness of his trial counsel was raised as one of the grounds. The trial court's failure to grant the motion for new trial on this ground is enumerated as error.

We note at the outset that the case was not complex from either a factual or a legal standpoint. Shots which were fired from a vehicle destroyed a streetlamp. When a police officer pursued the vehicle in his patrol car, shots were fired at him. After a high speed chase, the vehicle was abandoned and its three occupants, one of whom was appellant, fled into the woods. They were arrested a few hours later. According to the State's evidence, appellant was either the actual gunman or he was a party to the crimes. Although appellant did not testify in his own behalf, his defense was that he had not actually fired the shots and that he could not otherwise be considered a party to the crimes because he was in a drunken stupor in the backseat of

the vehicle when the shots had been fired. Appellant's trial counsel developed this defense through cross-examination of the State's witnesses and by the presentation of two witnesses on appellant's behalf.

In support of the purported ineffectiveness of representation, the only assertions raised are that appellant's trial counsel should have tried the case differently. It is urged that he should have filed pretrial motions, produced additional defense witnesses and conducted a more thorough and sifting cross-examination of the State's witnesses. "Trial strategy and tactics do not equate with ineffective assistance of counsel. Effectiveness is not judged by hindsight or by the result. Although another lawyer may have conducted the defense in a different manner and taken another course of action, the fact that defendant and his present counsel disagree with the decisions made by trial counsel does not require a finding that defendant's original representation was inadequate. [Cits.]" *Hosch v. State*, 185 Ga. App. 71, 72 (2) (363 SE2d 258) (1987). "The defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct." *Brogdon v. State*, 255 Ga. 64, 68 (3) (335 SE2d 383) (1985). Appellant did not subpoena his trial counsel to appear at the hearing on his motion for new trial. Thus, appellant made no affirmative showing that the purported deficiencies in his trial counsel's representation were indicative of ineffectiveness and were not examples of a conscious and deliberate trial strategy.

Moreover, considering the nature of the State's evidence and appellant's only available defense, there was no showing of a reasonable probability that, but for trial counsel's alleged deficiencies, the result of the proceeding would have been different. See *Williams v. State*, 258 Ga. 281, 286 (7) (368 SE2d 742) (1988). Appellant either was or was not the actual gunman and, even if he was not, he was nevertheless a party to the crimes unless, as the result of his intoxicated condition, he was merely an unconscious bystander while the crimes were being committed. Since appellant's undisputed flight from the scene and his successful avoidance of capture for several hours strongly evidenced both his guilt and his sobriety, his trial counsel was certainly presented with an unenviable task. The record nevertheless reflects that appellant's defense was otherwise effectively presented through trial counsel's cross-examination of the State's witnesses concerning their personal knowledge of appellant's inculpatory involvement and through trial counsel's presentation of defense witnesses who testified as to their personal knowledge of appellant's exculpatory condition. It is rank speculation to suggest that it is reasonably probable that a *more* thorough and sifting cross-examination of the State's witnesses or a presentation of *additional* defense witnesses would have resulted in appellant's acquittal. See generally *Brown v. State*, 180 Ga. App. 361, 363 (1) (349 SE2d 250) (1986), wherein it was held that the fail-

ure of trial counsel to adduce "redundant" evidence was "unlikely to have affected the result reached by the jury. [Cit.]"

The burden is on the defendant to establish his claim of ineffective assistance of counsel. *Williams v. State,* supra at 286 (7); *Brogdon v. State,* supra at 67 (3). A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous. *Smith v. State,* 256 Ga. 483 (351 SE2d 641) (1986). The trial court's finding in the instant case is not clearly erroneous. "In fact, counsel was so successful that [appellant] was acquitted on two of the five counts against him." *Thompson v. State,* 188 Ga. App. 508, 509 (373 SE2d 292) (1988). It was, therefore, not error to deny appellant's motion for new trial on this ground.

2. There is no violation of *Brady v. Maryland,* 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963) where, as here, certain purported exculpatory material was provided by the State during rather than before trial. *Burgan v. State,* 258 Ga. 512, 513 (1) (371 SE2d 854) (1988). Likewise, there is no violation of *Brady* where, as here, certain other purported exculpatory material was never provided to appellant because it was not in the possession of the State before or during the trial. *Keller v. State,* 253 Ga. 512, 513 (2) (322 SE2d 243) (1984).

3. The evidence showed that the original shot that destroyed the streetlamp was fired in Habersham County and that two of the three subsequent shots that were directed at the officer were also fired in that county. Accordingly, venue in Habersham County was shown.

4. Appellant enumerates the general grounds. The record shows that one of the two other occupants of the car testified for the State. His testimony was otherwise corroborated in significant detail by the pursuing officer at whom the shots had been fired. This testimony of the State's witnesses, coupled with the evidence of appellant's flight, was sufficient to authorize a rational trior of fact to have found proof of appellant's guilt as a principal or as a party to the crimes beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgments affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 14, 1990 — CERT. APPLIED FOR.

*T. Andrew Dowdy,* for appellant.
*Michael H. Crawford, District Attorney, E. Jay McCollum, Assistant District Attorney,* for appellee.