A90A1253. DIXON v. THE STATE.
(399 SE2d 275)

COOPER, Judge.
Appellant was tried before a jury and convicted of two counts of aggravated assault. He appeals from the trial court's denial of his motion for a new trial. In his sole enumeration of error, appellant contends the State failed to prove the lack of self-defense beyond a rea-

sonable doubt.

The assaults occurred in a trailer belonging to one of the two victims, Mary Jordan. Appellant was present in the home, awaiting the return of Mary Jordan's daughter, whom he had been dating. Shortly after appellant arrived, Mary Jordan went to sleep on a mattress in the living room. While appellant waited in the kitchen, which was adjacent to the living room, Mary Jordan's son, Willie Jordan, sat on a sofa in the living room directly in front of the appellant watching television. Willie testified that as he arose from the sofa to go to the bathroom, appellant asked, "Must I or mustn't I?" and then for no explicable reason, appellant shot Willie twice, rendering him a quadriplegic. Appellant testified that he shot Willie because Willie was angered when appellant "joked" that he should take Willie's sister's baby away and because Willie had threatened to kill him. Appellant insisted that he feared Willie was going to harm him; however, he admitted that Willie never had a weapon. Mary Jordan was awakened by the gunfire and went to attend to her son when appellant shot her in the leg. Appellant testified that he fired because Mary Jordan pursued him with a knife. The police found no weapons in the house. Appellant testified he had been drinking corn liquor and beer earlier in the evening, and the record reflects that a peace warrant had been issued which banned appellant from the house. The investigating officer testified that a total of five shots was fired and that after appellant's arrest, appellant admitted the shooting, claiming he acted in self-defense. Appellant also told the officer, "If I had had another bullet, I would have shot her again."

Appellant contended that he shot the victims in self-defense; therefore, the State had the burden of proving beyond a reasonable doubt that appellant did not act in self-defense. *State v. Shepperd*, 253 Ga. 321 (320 SE2d 154) (1984). In the instant case, we find the State presented ample evidence from which the jury could have found beyond a reasonable doubt that appellant did not act in self-defense. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Wesley v. State*, 166 Ga. App. 28 (1) (303 SE2d 124) (1983).

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 21, 1990.

*J. Philip Carr*, for appellant.

*Joseph H. Briley, District Attorney, Fredric D. Bright, Assistant District Attorney*, for appellee.