## A91A0014. PENDERGRASS v. THE STATE.
(405 SE2d 297)

SOGNIER, Chief Judge.

Johnny W. Pendergrass was convicted of aggravated assault, possession of a firearm during the commission of a crime, carrying a concealed weapon, and carrying a pistol without a license. He appeals from the judgment entered on his conviction for the first two of these offenses.

The evidence adduced at trial showed that on the evening of November 24, 1989, appellant was at a restaurant in Rome with his wife and child. Also present at the restaurant was Melvin Green, who was with two others. Appellant and Green had never met before this evening. The evidence showed that words were exchanged in the restaurant, that appellant and Green engaged in a fight outside the restaurant, and that appellant was cut with a knife and Green was shot. The evidence conflicted sharply as to which of the parties first spoke to or about the other, and as to whether appellant or Green was the aggressor in the fight. Appellant and Green were both charged with aggravated assault, and were tried jointly. Both claimed to have acted in self-defense, and both were convicted.

Appellant contends that even viewing the evidence in a light most favorable to the jury's verdict, it was insufficient to support his conviction of the offenses at issue on appeal. Appellant argues that although the evidence could have supported an acquittal of *either* codefendant, because both claimed they had acted in self-defense it was incumbent upon the jury to decide which of the defendants was the aggressor and which acted in self-defense rather than disbelieving both and convicting both. We cannot agree with this analysis.

The jury was properly charged on justification as a defense, and was instructed that "a person is not justified in using force . . . if that person . . . was the aggressor or was engaged in combat by agreement . . . ." See OCGA § 16-3-21 (b) (3). In order for mutual combat to exist, "there must be a mutual *intent* to fight, on the part of both parties. [Cit.] . . . This intent, 'like any other intent, may be manifested by acts and conduct of the parties and the circumstances surrounding them at the time of the combat, as well as the circumstances leading up to and culminating in such combat. The question of intent is peculiarly for the jury where there is any evidence from which it may be inferred.' [Cit.]" *Smith v. State*, 51 Ga. App. 601, 605 (181 SE 212) (1935). In the case at bar, the jury could have concluded, from evidence about the acts and circumstances surrounding the fight, that

appellant and Green both intended to fight and agreed to fight, and thus neither was entitled to the defense of justification. We find the evidence concerning the circumstances surrounding the fight sufficient to have authorized such a conclusion by the jury under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See generally *Dixon v. State*, 197 Ga. App. 684, 685 (399 SE2d 275) (1990).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED APRIL 1, 1991.

*Michael R. Hauptman*, for appellant.
*Stephen F. Lanier*, District Attorney, *H. Harold Chambers, Jr., Leigh E. Patterson*, Assistant District Attorneys, for appellee.