A91A1545. WILLIAMS v. THE STATE.
(414 SE2d 716)

Judge Arnold Shulman.

The appellant was found guilty of three counts of selling cocaine and was sentenced to 15 years imprisonment on each count, to be served consecutively. He brings this appeal from the denial of his motion for new trial.

1. The appellant contends that his trial counsel rendered ineffective assistance by calling his former parole officer, Michael Haus, to testify as a witness on his behalf and thereby apprising the jury of the fact that he (the appellant) had been convicted of robbery in 1976.

During the trial, the undercover officer who had made each of the cocaine purchases charged in the indictment positively identified the appellant as a party to the transactions. The appellant sought to establish that this witness might have confused him with his brother, who resembled him. At the hearing on the motion for new trial, the appellant's trial counsel testified that the appellant informed him prior to trial that Haus might be able to provide testimony support-

ing this defense. Counsel stated that he interviewed Haus, verified that he was in fact familiar with the appellant's brother, and further verified that he would be able to testify in support of "a very strong argument that [the appellant] kept trying to present that although he did have a criminal record in the past, he had no involvement whatsoever with drugs or alcohol." Counsel testified that he discussed with the appellant the dangers of calling Haus as a witness and thereby revealing to the jury the existence of the prior robbery conviction, but that the two of them came to the conclusion that his testimony would, on balance, be favorable because "that . . . had occurred fourteen years ago, and . . . [the appellant] had not been in any trouble in the past fourteen years."

"A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous. [Cit.]" *Garrett v. State*, 196 Ga. App. 872, 874 (1) (397 SE2d 205) (1990). A conviction will not be reversed based on ineffective assistance of counsel unless " 'counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.' [Cits.]" *Hosch v. State*, 185 Ga. App. 71 (2) (363 SE2d 258) (1987). "In order to prevail defendant must meet two tests: 1) he must show that trial counsel's performance was deficient in that he made errors so serious that he was not functioning as the 'counsel' guaranteed defendant by the Sixth Amendment; 2) defendant must show that the defense was prejudiced by the deficient performance so that defendant was deprived of a fair trial, one whose results were reliable. [Cit.] Trial strategy and tactics do not equate with ineffective assistance of counsel. Effectiveness is not judged by hindsight or by the result. Although another lawyer may have conducted the defense in a different manner and taken another course of action, the fact that defendant and his present counsel disagree with the decisions made by trial counsel does not require a finding that [the appellant's] original representation was inadequate. [Cits.]" (Indention omitted.) Id. at 72.

In *Hosch*, supra, as in the present case, the claim of ineffective assistance of counsel was predicated on trial tactics which had the effect of revealing to the jury the appellant's prior criminal record. We held that "[e]ven if trial counsel's strategy was flawed, it was not sufficient to render his representation ineffective under the law as expressed in the aforementioned cases." Id. at 72. We hold that the trial court similarly did not abuse its discretion in refusing to grant a new trial based on the appellant's claim of ineffective assistance of counsel in the present case. Accord *Powell v. State*, 198 Ga. App. 509 (1) (402 SE2d 108) (1991).

2. In reliance on this court's decision in *Miller v. State*, 141 Ga. App. 382 (1) (233 SE2d 460) (1977), the appellant contends that the

trial court erred in imposing consecutive sentences on the three convictions. The defendant in *Miller* had been convicted of three counts of selling illegal beverages. Although each count of the indictment in that case specified the date on which the offense was alleged to have been committed, none contained an averment to the effect that the alleged commission date constituted an essential element of the offense. Noting that the state was not required under such circumstances to prove that the offense had actually been committed on the date specified in the indictment but could have obtained a conviction by proving the commission of the offense at any time within the applicable statute of limitation, this court held that "only one sentence could be imposed, and the [imposition] of . . . consecutive sentences was error." Id. at 383.

In contrast to the situation in *Miller*, each count of the indictment in the present case does contain a statement to the effect that the alleged commission date constitutes a material averment. This court's holding in *Miller* was predicated on the notion that such an averment is necessary to overcome a plea of double jeopardy to a subsequent charge of committing the same act on a separate date. There is no language in that case suggesting that the trial court is required, without request, to give any special jury instruction on the issue in order to impose consecutive sentences where the indictment does include such an averment.

The jury in the present case was properly instructed on the state's burden of proving each of the allegations set forth in the indictment beyond a reasonable doubt, and the indictment was present with them in the jury room during their deliberations. We hold that the trial court was fully authorized under the circumstances to impose consecutive sentences on each count. See generally OCGA § 17-10-10; *Hambrick v. State*, 256 Ga. 148, 149 (3) (344 SE2d 639) (1986).

3. The appellant's remaining enumerations of error are deemed abandoned under Rule 15 (c) (2) of this court, due to his failure to support them with argument or citation of authority. See *Whatley v. State*, 197 Ga. App. 489 (2) (398 SE2d 807) (1990).

*Judgment affirmed. Carley, P. J., and Beasley, J., concur.*

DECIDED JANUARY 15, 1992.

*Charles R. Sheppard*, for appellant.
*Michael C. Eubanks, District Attorney, Barbara A. Smith, Richard E. Thomas, Assistant District Attorneys*, for appellee.