## A93A1479. ROGERS v. THE STATE.
### (435 SE2d 457)

McMURRAY, Presiding Judge.

Following a fist fight in which defendant inflicted a serious, disfiguring injury to the victim's left eye, defendant was indicted and charged with aggravated assault. The jury returned a verdict of guilty and defendant was sentenced to five years in confinement (to serve three months). In addition, defendant was ordered to pay restitution to the victim in the amount of $1,347.46 and to the victim's insurance company in the amount of $5,029.47. Defendant moved for a new trial. His motion was denied and he appeals. *Held*:

1. The evidence was sufficient to enable any rational trier of fact to find defendant guilty of aggravated assault beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Chafin v. State*, 154 Ga. App. 122, 123 (5) (267 SE2d 625); *Russell v. State*, 152 Ga. App. 693 (1) (263 SE2d 689).

2. " 'A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous. (Cit.)' *Garrett v. State*, 196 Ga. App. 872, 874 (1) (397 SE2d 205) (1990). A conviction will not be reversed based on ineffective assistance of counsel unless ' "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." (Cits.)' *Hosch v. State*, 185 Ga. App. 71 (2) (363 SE2d 258) (1987). 'In order to prevail defendant must meet two tests: 1) he must show that trial counsel's performance was deficient in that he made errors so serious that he was not functioning as the "counsel" guaranteed defendant by the Sixth Amendment; 2) defendant must show that the defense was prejudiced by the deficient performance so that defendant was deprived of a fair trial, one whose results were reliable. (Cit.) Trial strategy and tactics do not equate with ineffective assistance of counsel. Effectiveness is not judged by hindsight or by the result. Although another lawyer may have conducted the defense in a different manner and taken another course of action, the fact that defendant and his present counsel disagree with the decisions made by trial counsel does not require a finding that (the appellant's) original representation was inadequate. (Cits.)' (Indention omitted.) Id. at 72." *Williams v. State*, 202 Ga. App. 494, 495 (414 SE2d 716).

Defendant asserts his trial counsel was ineffective because she failed to lodge objections to patently objectionable questions, failed to question prosecution witnesses about a civil suit they brought against defendant, and failed to adequately spell out defendant's theory of defense. (With regard to the latter shortcoming, defendant points out that when the trial court asked defense counsel to state defendant's theory of defense, she opined that defendant's defense was based on

mutual combat and justification. Defendant also points out that mutual combat and justification cannot stand side by side. See *Pendergrass v. State*, 199 Ga. App. 467 (405 SE2d 297).) However, defendant has not shown how he was prejudiced by defense counsel's performance. (With regard to defense counsel's mutual combat faux pas, we note that the trial court did not charge the jury on mutual combat. Rather, the trial court simply charged the jury on the law of justification.) Accordingly, it cannot be said that the trial court abused its discretion in refusing to grant a new trial based on a claim of ineffective assistance of counsel. *Powell v. State*, 198 Ga. App. 509 (1) (402 SE2d 108).

3. The trial court did not err in requiring defendant to pay restitution to the victim's insurance company. See *Sutton v. State*, 190 Ga. App. 56 (378 SE2d 491).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED AUGUST 16, 1993 —
RECONSIDERATION DENIED SEPTEMBER 2, 1993.

*Summer & Summer, Daniel A. Summer*, for appellant.
*C. Andrew Fuller, District Attorney, Lee Darragh, Assistant District Attorney*, for appellee.