A97A0254. MORGAN v. THE STATE.
(487 SE2d 420)

ANDREWS, Chief Judge.

Valarie Morgan appeals from the denial of her motion for new trial following her conviction, along with her co-defendant Nowlin, of armed robbery and burglary.

The facts involved here are fully set out in *Nowlin v. State*, 225 Ga. App. 447 (484 SE2d 14) (1997) and will be supplemented only as needed.

1. As acknowledged by Morgan's brief, her first four enumerations are the same as Nowlin's and her arguments are "adopted" from his brief. Therefore, these four enumerations are controlled adversely to Morgan by *Nowlin*, supra.

2. Morgan's fifth enumeration is that the trial court erred in denying her motion for severance which was premised primarily upon OCGA § 17-16-2 (a). That section provides that discovery is available at the option of the defendant and, further, that "[w]hen one defendant in a multidefendant case demands discovery under this article, the provisions of this article shall apply to all defendants in the case, unless a severance is granted."

Morgan argues that, since Nowlin had elected to engage in discovery and she chose not to, OCGA § 17-16-2 (a) mandated a severance. A review of the record reveals, however, that, prior to filing her motion for severance, Morgan filed her Motion For Information Necessary To Receive A Fair Trial, by which she sought discovery from the State which was provided.

In determining the issue of joinder and severance, "[t]he trial judge must examine each case individually and exercise his discretion in ruling on the motion. That decision will not be disturbed unless appellant shows an abuse of discretion. *Cain v. State*, 235 Ga. 128 (218 SE2d 856) (1975). The burden is on the defendant requesting the severance to do more than raise the possibility that a separate trial would give him a better chance of acquittal. He must make a clear showing of prejudice and a consequent denial of due process. [Cit.] In exercising its discretion, the court must consider three factors: (1) Whether a joint trial will create confusion of evidence and law; (2) whether there is danger that evidence implicating one defendant will be considered against the other, despite cautionary instructions to the contrary; and (3) whether the co-defendants will press antagonistic defenses. [Cit.]" *Dennard v. State*, 263 Ga. 453, 455 (5) (435 SE2d 26) (1993). See *Cook v. State*, 221 Ga. App. 831, 832 (1) (472 SE2d 686) (1996); *Frazier v. State*, 195 Ga. App. 109, 110 (3) (393 SE2d 262) (1990). On appeal, a defendant must show "clear prejudice" from denial of a motion to sever. *Linares v. State*, 266 Ga. 812, 815 (4) (471 SE2d 208) (1996).

Since Morgan participated in discovery, there is no basis for concluding that she suffered "clear prejudice" from the court's denial of her motion to sever based on OCGA § 17-16-2 (a).

3. Morgan's final enumeration, raised by new counsel by motion for new trial, is that her trial counsel was ineffective because his trial strategy was to keep a low profile and allow Nowlin's more aggressive counsel to divert the jury's attention from Morgan. As a result, Morgan's trial counsel made fewer objections than Nowlin's.

"A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous. [Cit.]" *Garrett v. State*, 196 Ga. App. 872, 874 (1) (397 SE2d 205) (1990). A conviction will not be reversed on the basis of ineffective assistance of counsel unless " 'counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.' " *Carter v. State*, 176 Ga. App. 632, 633 (337 SE2d 413) (1985), quoting from *Strickland v. Washington*, 466 U. S. 668, 669 (104 SC 2052, 80 LE2d 674) (1984).

" ' "Effectiveness is not judged by hindsight or by the result. . . . [T]he fact that defendant and his present counsel disagree with the decisions made by trial counsel does not require a finding that defendant's original representation was inadequate. (Cits.)" *Hosch v. State*, 185 Ga. App. 71, 72 (2) (363 SE2d 258) (1987).' " *Foreman v. State*, 200 Ga. App. 400, 401 (3) (408 SE2d 178) (1991).

Trial counsel's tactical decision does not equate with ineffective assistance of counsel. *Hammond v. State*, 264 Ga. 879, 882 (4) (452

SE2d 745) (1995); *Riser v. State*, 222 Ga. App. 348, 349 (474 SE2d 632) (1996); *Williams v. State*, 218 Ga. App. 785, 788 (3) (463 SE2d 372) (1995).

After reviewing the record, the trial court's conclusion that counsel was not ineffective was not clearly erroneous. *Stewart v. State*, 263 Ga. 843, 846 (6) (440 SE2d 452) (1994); *Duitsman v. State*, 217 Ga. App. 435, 436 (1) (457 SE2d 702) (1995).

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED JUNE 2, 1997.

Before Judge Oxendine.

*Richard O. Allen*, for appellant.

*Daniel J. Porter, District Attorney, Jefferson B. Blandford, Assistant District Attorney*, for appellee.

