## A98A0169. JORDAN v. THE STATE.
(496 SE2d 486)

Judge Harold R. Banke.

Tremaine Jordan was convicted of aggravated battery and aggravated assault.[1] In his single enumeration, he challenges the effectiveness of his trial counsel.

This case arose after Jordan's former girl friend called him, seeking a ride to the house of the victim, her new boyfriend. Jordan obliged and dropped her off; then, professing to have car trouble, he returned to use the phone. *Price v. State*, 222 Ga. App. 655, 657 (2) (475 SE2d 692) (1996) (evidence on appeal must be viewed in a light most favorable to the verdict). Jordan called several friends, who, upon their arrival, surrounded the victim and frightened him. The victim, in turn, called a friend to join him. Eventually, Jordan got out of his car, holding a boxcutter behind his back, approached the unarmed victim, and slashed his face, arms and back, puncturing his lung. Jordan then ran to his car and drove off. *Held*:

To establish ineffectiveness, a defendant must prove that his trial counsel's performance was deficient and but for the deficiency there was a reasonable probability the result of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Brown v. State*, 257 Ga. 277, 278 (2) (357 SE2d 590) (1987). Review of counsel's performance must be highly deferential. *Rogers v. State*, 195 Ga. App. 446, 448 (2) (394 SE2d 116) (1990). Tactical errors do not constitute ineffective assistance. *Keanum v. State*, 212 Ga. App. 662, 664 (3) (442 SE2d 790) (1994). Moreover, we need not inquire into counsel's alleged deficiency, absent a showing of prejudice. *Trammel v. State*, 265 Ga. 156 (1) (454 SE2d 501) (1995).

(a) Jordan alleges that trial counsel failed to adequately prepare him to testify. The record shows that in the eleven months between the time counsel was retained and trial, he met with Jordan on numerous occasions, including at the jail, during the preliminary hearing, twice at his office, during two school board meetings concerning the incident, at arraignment, and at each of the four or five calendar calls. Counsel testified that he discussed the case with Jordan, reviewing the facts and Jordan's potential testimony. Because Jordan was an articulate young man with vivid recollections of the incident, counsel felt no need to tell Jordan what to say beyond instructing him to tell the truth, be polite, and avoid getting angry on cross-examination.

None of Jordan's testimony could be deemed sufficiently prejudicial to satisfy the requisites of an ineffectiveness analysis. Nor does

---

[1] The counts were merged for sentencing purposes.

the evidence support a finding that trial counsel was deficient. These facts preclude a finding that the trial court's resolution of this issue was clearly erroneous. *Morgan v. State*, 226 Ga. App. 624, 625 (3) (487 SE2d 420) (1997).

(b) We reject Jordan's contention that trial counsel failed to adequately prepare defense witnesses. The record shows that two of the three friends Jordan called prior to the incident testified. Counsel interviewed both prior to trial. Consistent with their interviews, these young men testified that the victim was the aggressor, which undermines Jordan's nebulous assertion that counsel's purported failure to prepare these witnesses somehow prejudiced him. Counsel's tactical decision not to interview the third witness after learning of his criminal history likewise will not support an ineffectiveness claim, particularly when the witness was incarcerated at the time of trial for a probation violation and his testimony would have been cumulative. Evidence that trial counsel cross-examined several of the State's witnesses at the school board hearing and obtained their statements to police undermines Jordan's claim that counsel only interviewed one of the State's witnesses prior to trial. Absent a showing of deficiency or prejudice, we must affirm the trial court's ruling on this issue.

(c) Finally, Jordan argues that trial counsel was deficient for failing to subpoena a number of character witnesses. When the trial progressed more quickly than trial counsel had anticipated, only three of Jordan's character witnesses were present to testify. When the court denied his request for a continuance, trial counsel rested. Counsel testified that he did not subpoena the absent witnesses because they wanted to attend and assist Jordan. Having considered their testimony during the motion for new trial hearing and that of the character witnesses presented at trial, we conclude that the absent witnesses' testimony was cumulative. The exclusion of such evidence was not deficient. See *Pilcher v. State*, 170 Ga. App. 869, 871 (4) (318 SE2d 640) (1984). Accordingly, the trial court's rejection of Jordan's claims of ineffectiveness was not clearly erroneous. *Morgan*, 226 Ga. App. at 625 (3).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED JANUARY 26, 1998.

*Paige A. Pastor*, for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Assistant District Attorney*, for appellee.