## 7491. BURCH v. THE STATE.

BROYLES, J. 1. The defendant being charged in the accusation with unlawfully operating, while intoxicated, an automobile upon a public highway in Laurens county, to wit, the road leading from Dublin to Wrightsville, the following charge of the court was error: "Look to the evidence in this case, and if you find that upon a public highway in this State this defendant was operating an automobile in an intoxicated condition, then it would be your duty to convict him. If you find that he was not intoxicated while operating an automobile upon a highway in this State, it would be your duty to turn him loose." This error, however, was harmless, as the evidence clearly demanded a finding that on the occasion in question the defendant was operating the automobile on the highway specified in the accusation.

2. No judge can preside in any case in which he is *related to either party* within the fourth degree of consanguinity or affinity, without the consent of all the parties at interest (italics ours). Civil Code of 1910, § 4642. In this case, however, it does not appear that the judge was related in any degree to either of the parties.

(a) Where a horse borrowed by A from B was, while A was driving it upon a public highway, run into and killed by an automobile driven by C, and C was prosecuted by A for the offense of operating, while intoxicated, an automobile upon a public highway, relationship of the judge to B, the owner of the horse, did not disqualify him from presiding at the trial of the case.

3. There is no substantial merit in any of the grounds of the amendment to the motion for a new trial.

4. The conviction of the accused was authorized, if not demanded, by the evidence, and there were no errors of law that required the grant of a new trial.      *Judgment affirmed.*

DECIDED JUNE 26, 1916. REHEARING DENIED JULY 6, 1916.

Accusation of misdemeanor; from city court of Dublin—Judge Hicks. April 17, 1916.

*Burch & Burch,* for plaintiff in error.

*S. P. New, solicitor,* contra.