## YOUNG, commissioner, et al. v. HARRIS.

An attorney whose contract with his client provides that he is to be paid a certain sum in all events, and a larger sum if the attorney's client is successful, has no such interest in the subject-matter of the litigation as to disqualify the judge, who is a brother of the attorney, from presiding in the cause.

DECEMBER 19, 1916.

Injunction. Before Judge Fite. Walker superior court. May 1, 1916.

*Shattuck & Shattuck, Paul D. Wright, Earl Jackson,* and *Barry Wright,* for plaintiffs in error.

*W. E. Mann* and *R. T. Wright,* contra.

EVANS, P. J.   On March 25, 1916, A. H. Neal and others, as citizens and taxpayers, for themselves and on behalf of other citizens and taxpayers, brought a. petition to the superior court of Walker County, against John C. Young and others as commissioners of roads and revenues of Walker County, the City of La-Fayette and the mayor and council thereof, the Little-Cleckler Construction Company, the Horn-Brannon Company, and T. H. Payne & Company, as defendants, to enjoin the execution of certain contracts for the building of a court-house.   Petitioners asked that these contracts be declared illegal and be canceled; and that the board of roads and revenues be restrained from levying taxes for the purpose of carrying out the contracts, etc.   Certain plaintiffs, who joined in the case, employed, with other counsel, R. T. Wright, Esq., and agreed to pay him a fee certain, and an additional fee in the event they prevailed on the trial of the case. This petition was presented to Hon. A. W. Fite, judge of the superior courts of the Cherokee Circuit, who issued a rule to show cause why a temporary injunction should not be granted.   In the rule nisi Judge Fite stated that he assumed jurisdiction on account of the disqualification of Judge Moses Wright of the Rome Circuit. On the interlocutory hearing it was admitted that R. T. Wright, Esq., was a brother of Judge Moses Wright of the Rome Circuit, and that he had contracted with his client to charge him $50 if the plaintiffs lost their suit, and $75 if they were successful.   Judge Moses Wright is the judge of the superior courts of the Rome Circuit, which embraces the County of Walker, the venue of the action.   Judge Fite is the judge of the superior courts of an adjoining circuit.   Under the statute, Judge Fite's authority to entertain jurisdiction in the case depends on Judge Wright's disqualification.

A judge is not disqualified to preside in a case because his brother is the attorney for one of the parties and the size of his fee is dependent on his success in the case.   There is no statute or canon of law which disqualifies a judge on the ground of relationship to the attorney of one of the parties to a cause.   Such disqualification must result only when he has a pecuniary interest in the subject-

matter of the litigation. This is made clear by Mr. Justice Cobb in the case of *Roberts* v. *Roberts,* 115 *Ga.* 259 (41 S. E. 616, 90 Am. St. R. 108). That case concerned the allowance of alimony to be paid by the husband to the wife, which included counsel fees. The wife's attorney, in the event she prevailed, would be allowed reasonable counsel fees, which fees would go directly to the attorney as a part of the sum decreed to be paid by the husband. In the opinion it is made plain that, having direct pecuniary interest in the res, the attorney's relation to the case was that of a quasi-party. In the instant case the attorney has no interest in the res; he can recover nothing from the adversary party by virtue of his contract with his client, which is altogether outside of the subject-matter of the litigation. Such a contract gives the attorney no more interest in the litigation than if his contract were that his fee should be one sum should the trial occur at the first term, and a different sum should the trial take place at a later term. Were the rule otherwise, it would be impossible for a judge to ever preside in a case where one of the attorneys is a kinsman within the fourth degree of consanguinity or affinity. The statute gives the attorney a lien for his fees in cases where the same are for a fixed amount. It is the client's recovery which furnishes the property against which the lien may be asserted. If the judge be disqualified because the attorney related to him contracts with his client that his fee is to be one sum if he loses and another if he wins, he would, by parity of reasoning, be also disqualified in every case where he is related to the attorney; because the attorney can only assert his statutory lien on property recovered in the suit. Judge Wright was not disqualified, and the entire proceeding before Judge Fite was unauthorized by law, and void as being coram non judice.

*Judgment reversed. All the Justices concur, except*

HILL, J., dissenting. Was Judge Wright, of the Rome Circuit, disqualified from presiding, under the facts of this case, so as to confer jurisdiction on Judge Fite, of the Cherokee Circuit? The evidence on this point tended to show, in fact it is stated in the bill of exceptions, that "It is admitted that R. T. Wright, attorney for plaintiffs, has a conditional fee in the case, being $50.00 if plaintiffs lose, and $75.00 if they win. He is a brother of Judge Moses Wright." In the case of *Roberts* v. *Roberts,* 115 *Ga.* 259 (41. S. E. 616, 90 Am. St. R. 108), this court held: "A judge

who is related within the fourth degree of consanguinity or affinity to counsel for the applicant in an application for alimony in which an allowance for counsel fees is asked is disqualified from presiding in the case; and this is true notwithstanding counsel have a binding contract with the applicant which obligates her to pay them fees commensurate with their services, independently of whether the application for alimony and counsel fees is successful or not." See *Shuford* v. *Shuford,* 141 *Ga.* 407 (81 S. E. 115) ; *State Mutual Insurance Co.* v. *Walton,* 142 *Ga.* 765 (83 S. E. 656) ; *King* v. *Thompson,* 59 *Ga.* 380 (3) ; 23 Cyc. 585 (2). Section 4642 of the Civil Code of 1910 is as follows: "No judge or justice of any court, no ordinary, justice of the peace, nor presiding officer of any inferior judicature or commission, can sit in any cause or proceeding in which he is pecuniarily interested, or related to either party within the fourth degree of consanguinity, or affinity, nor of which he has been of counsel, nor in which he has presided in any inferior judicature when his ruling or decision is the subject of review, without the consent of all the parties in interest: Provided, that in all cases in which the presiding judge of the superior court may have been employed as counsel before his appointment as judge, he shall preside in such cases if the opposite party or counsel agree in writing that he may preside, unless the judge declines so to do." It is insisted that the disqualification contemplated by this law is where the judge is related within the fourth degree of consanguinity or affinity to either *party* to the cause. In construing the word "party," as used in that code section, Mr. Justice Cobb, in the opinion in the *Roberts* case, asks this question: "Should the word 'party,' in the section of the code just referred to, be given the technical and narrow meaning of one who is a party to the record and absolutely bound by the judgment in the case; or should that word be construed more liberally, and include any one who is pecuniarily interested in the result of the suit, although not a party to the record and not necessarily bound by the judgment therein, notwithstanding he would be benefited by the judgment if rendered in a particular way?" And, after citing authorities from outside jurisdictions and showing that they are not uniform in construing the various statutes disqualifying a judge on account of relationship to a "party"—some of them construing the word "party" to mean an actual party, and

others giving the word a broader construction,—he says: "In the light of the rule which has been followed in this State with reference to a juror who is related to a person interested in the result of the suit, although not a party to the record, we think the proper construction to be placed upon the word 'party,' in the section of the code which declares when a judge shall be disqualified, is the broad meaning which would include any one pecuniarily interested in the result of the case, and not the narrow and technical meaning which would limit the rule to a person who was a party to the record. The reasons at the foundation of the rule which forbids a juror from sitting in a case where he is related to some one pecuniarily interested in the result of the suit would also apply in the case of a judge who was in a similar situation. If one not a party to the record, but directly and pecuniarily interested in the result of the cause, would be such a party thereto as to disqualify one of his kinsmen from being a juror, he would also be such a party as to disqualify his kinsman from presiding as judge." I think the principle ruled in the *Roberts* case is applicable to the case at bar. While the two cases are not identical in their facts, yet the principle ruled, it seems to me, is applicable to both cases. It is insisted that the *Roberts* case does not apply to one like the present, and that what is said by Judge Cobb in the opinion is not controlling here, for the reason that in that case (an alimony case) the fee of the related attorney was dependent on the result of the case. The writer fails to see any distinction of principle underlying the two cases. In the *Roberts* case the fee of the attorney depended on the result of the case as decided by the judge. In the instant case (an application for injunction) the amount of the fee of the relative attorney depends on the result of the case under the decision of the judge. If the judge refuses the injunction, the attorney receives $50. If he grants the injunction, the attorney receives $75. It is not a question of what a given judge might or might not decide. It is a question of whether the fee of a relative who is employed in the case is dependent upon the decision of the judge trying the case. If the decision in the *Roberts* case and the argument upon which it is based is sound, it is equally sound in the instant case. And while I do not commend the practice of a judge of the superior court assuming jurisdiction in such case until the judge of the circuit in which the cause of

22

action originated has first recused himself (for the reason that it leads to great confusion), yet the statute gives him that right; and if the statute is wrong, the legislature of the State alone has the power to correct the evil. What was said in the. case of *Brantley* v. *Greer,* 71 *Ga.* 11, to the effect that a judge who happens to be related within the fourth degree to an auditor is disqualified from awarding him costs in the case, is admittedly *obiter.* I think that Judge Wright was disqualified from presiding in the case, and that Judge Fite had jurisdiction.