32165.   DeLOACH *v.* THE STATE.

DECIDED JANUARY 22, 1949.

486

*B. D. Dubberly, J. T. Grice,* for plaintiff in error.

*R. N. Odum, Solicitor, Dan S. Cowart,* contra.

MacIntyre, P. J. ■ The evidence, which has been set out in the foregoing statement of fact, authorized the verdict.

■ The defendant made a motion for mistrial and to disqualify the judge which he based upon the following testimony of the prosecutor: "A day or two later, after I had employed Mr. Dan Cowart as my attorney, he and I went to Mr. DeLoach's farm and we talked with him there about paying damages. I do not remember anything about Mr. Cowart telling him that he would be prosecuted and put in the penitentiary unless he paid us $1000, though that is the amount that I wanted him to pay me. I employed Mr. Cowart to collect damages from Mr. DeLoach, for this collision, and to do all necessary things to that end. He is still employed for the purpose, and this case is the only legal action I have taken about the matter. I would not have prosecuted Mr. DeLoach if he had paid me my damages that I demanded of him. I agreed to pay Mr. Cowart a percentage of all the money that he collected for me from Mr. DeLoach, and this is the only way that he is to get any pay from me for his work. I have not paid him or agreed to pay him otherwise." Such motion was stated in the following language: "Your honor, since it appears from the testimony of the prosecutor, that your son, Mr. Dan Cowart, has for collection the claim for damages of the prosecutor against the defendant, for only a contingent fee, and this is the only legal action being taken, your son has a financial interest in this case, and we move that a mistrial be granted, and that your honor disqualify himself to further try this case." This motion was overruled by the court.

Code (Ann. Supp.), § 24-102: "No judge or justice of any court . . shall sit in any cause or proceeding . . when such judge is related by consanguinity or affinity to any party interested in the result of the case or matter within the sixth degree." In *Beasley* v. *Burt,* 201 *Ga.* 144 (39 S. E. 2d, 51), it is said in head-note 1: "A judge is not disqualified because he is interested in the subject to be decided, where he has no direct, immediate interest in the judgment to be pronounced. To work a disqualification the interest must be a direct, certain, and immediate interest, and not one which is indirect, incidental or remote." Not only

was the judge authorized to find, but the only reasonable meaning to be derived from such testimony relative to the disqualification of the judge was that Mr. Dan S. Cowart, the son of the judge, had been employed as an attorney at law to collect damages, that no action had been taken on the matter and that his employment was still in effect for that purpose. The instant case was a criminal prosecution instituted by the prosecutor himself and Mr. Dan S. Cowart was assisting the solicitor in the prosecution of the case and there is nothing in the evidence to indicate that Mr. Dan S. Cowart had advised the action or that he would reap any pecuniary gain himself by reason of the conviction, and thus the interest of Mr. Dan S. Cowart was one which is not direct, certain, and immediate, and Judge C. L. Cowart, the father of Mr. Dan S. Cowart, did not err in refusing to disqualify himself. *Young* v. *Harris,* 146 *Ga.* 333 (91 S. E. 37); *Roberts* v. *Roberts,* 115 *Ga.* 259 (41 S. E. 616, 90 Am. St. R. 108); *Burch* v. *State,* 18 *Ga. App.* 290 (2) (89 S. E. 341).

What the defendant said in his statement to the jury concerning matters related to the question of the disqualification of the judge, or what the judge said in postponing the sentencing of the defendant until the next term of court would not change this situation.

The court did not err in overruling the motion for a new trial, or in refusing to grant a mistrial or disqualify himself.

*Judgment affirmed.  Gardner and Townsend, JJ., concur.*