### 30929. DUNGEE v. THE STATE.

PER CURIAM.

The defendant, George Elder Dungee, was indicted on September 4, 1973, by the grand jury of Seminole County, Georgia, on six counts of murder occurring on May 14, 1973. On January 9, 1974, following a trial by jury at which the defendant was found guilty on all six counts of murder, and after finding statutory aggravating circumstances as to each count, the death penalty was imposed on each count pursuant to the jury's verdict. The defendant's case is here on appeal and for mandatory review of the death sentences imposed.

Companion cases are reported in *Coleman v. State,* 237 Ga. 84 (1976) and *Isaacs v. State,* 237 Ga. 105 (1976). Although the cases were tried separately, the facts of the crimes are set forth in *Coleman,* supra. Suffice it to say here that the evidence showed that this defendant participated in all the crimes and that he personally caused the death of Mary Alday.

Defendant raises four points for consideration.

1. The enumeration of error based on the overruling of the motion for change of venue was decided adversely to the defendant in *Coleman v. State,* supra.

2. The enumerations of error based on the alleged unconstitutionality of the death penalty were decided adversely to defendant in *Coley v. State,* 231 Ga. 829 (204

SE2d 612) (1974), and subsequent decisions of this court adhering to *Coley,* including *Gregg v. State,* 233 Ga. 117 (210 SE2d 659) (1974). The Supreme Court of the United States upheld the validity of Georgia's death penalty statute in Gregg v. Georgia, 44 USLW 5230 (U. S. Supreme Court Case No. 74-6257, decided July 2, 1976).

3. The testimony of conspirator Billy Carrol Isaacs as to this defendant's participation in the crimes was corroborated by testimony showing that this defendant's fingerprints were on a beer can found outside the Alday home, that this defendant was with Wayne Coleman and Carl and Billy Isaacs when they were arrested and that this defendant had on his person at the time of his arrest a pistol identified as being one of the murder weapons and a watch belonging to Mary Alday. The evidence authorized the verdicts.

4. Defendant's final enumeration of error contends that the trial judge erred in overruling defendant Coleman's motion for disqualification made September 27, 1973, and based on the ground that the judge was related to the special prosecutor within the sixth degree. That motion was based on Code Ann. § 24-102, which relates to disqualification where a judge is related, within the sixth degree, to a person whose pecuniary interest will be affected by the result of the case. The trial judge did not err in overruling the motion based upon Code Ann. § 24-102. See *Young v. Harris,* 146 Ga. 333 (1) (91 SE 37) (1916); *DeLoach v. State,* 78 Ga. App. 482 (2) (51 SE2d 539) (1949).

In support of this enumeration, defendant now relies upon Canon 3, Section C(1)(d) (ii), of the Code of Judicial Conduct, 231 Ga. A-5, A-6, which reads as follows: "(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where: . . . (d) he or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person: . . . (ii) is acting as a lawyer in the proceeding. . ."

We note that although the Code of Judicial Conduct was adopted by this court on December 17, 1973, and made effective January 1, 1974, this trial started on January 7, 1974, and the Code of Judicial Conduct was not

printed for delivery to the trial judges of this state until January 31, 1974, after the trial of George Elder Dungee was completed. As heretofore noted, the motion for disqualification was made, and overruled, September 27, 1973. Moreover, the Effective Date for Compliance with the Judicial Code set out at 231 Ga. A-15 provides that "A person to whom this Code becomes applicable should arrange his affairs as soon as reasonably possible to comply with it."

Canon 3 C(1)(d) was not applicable at the trial of this case.

5. We are required by Ga. L. 1973, p. 159 et seq. (Code Ann. § 27-2537 (c) (1-3)) to review all sentences of death as to three criteria.

As to the first, we conclude that the sentences of death imposed in this case were not imposed under the influence of passion, prejudice, or any other arbitrary factor.

Secondly, we conclude that the statutory aggravating circumstances found by the jury (murder while in the commission of burglary and armed robbery as to 5 counts, and murder while in the commission of burglary, armed robbery, rape and kidnapping as to 1 count) were supported by overwhelming evidence as to each count.

Thirdly, we have compared the evidence and sentences in this case with similar cases contained in the appendix in *Coleman v. State,* supra. This case involves multiple execution type murders while in the commission of other capital felonies. George Elder Dungee's sentences to death are not excessive or disproportionate to the penalty imposed in similar cases considering the crimes and the defendant and those sentences are affirmed.

*Judgment affirmed. All the Justices concur, except Ingram, J., who concurs in the judgment only, and Gunter and Hill, JJ., who dissent.*

ARGUED MARCH 9, 1976 — DECIDED
JULY 9, 1976.

*Phillips Sheffield, Lowrey S. Stone,* for appellant.

*J. Frank Myers, District Attorney pro tem, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Staff Assistant Attorney General,* for appellee.

GUNTER, Justice, dissenting.

I respectfully dissent from the imposition of the death penalty in this case for the reasons stated in my separate opinions in *Coley v. State,* 231 Ga. 829 (204 SE2d 612) (1974), and *Street v. State,* 237 Ga., post, (1976).

HILL, Justice, dissenting.

I must dissent from the imposition of the death penalty for the reasons stated in my dissenting opinion in *Coleman v. State,* 237 Ga. 84 (1976).