A96A1045. IN THE INTEREST OF A. H. S., a child.
(479 SE2d 157)

POPE, Presiding Judge.

A. H. S. is a juvenile. After a passenger riding in her car was killed when she lost control of the car and struck a tree, A. H. S. was charged with committing the delinquent acts of first degree vehicular homicide, reckless driving, failure to stop at a stop sign and violating Georgia's seat belt law. Pursuant to a negotiated plea, A. H. S. admitted committing the delinquent acts of second degree vehicular homicide and speeding, rather than first degree vehicular homicide and reckless driving, and the State dismissed the remaining charges. The juvenile court accepted the plea, placed A. H. S. on probation for 12 months for each of her delinquent acts and suspended A. H. S.'s driver's license until she reached the age of 18. Furthermore, as a condition of probation, the juvenile court ordered A. H. S. to continue the psychiatric counseling she had begun before her delinquency hearing, and also prohibited her from driving until the expiration of her probation, even though the probation would not end until after her eighteenth birthday. On appeal, A. H. S. contends that the juvenile court committed reversible error in both the adjudicatory and dispositional stages of her case. We disagree and affirm.

1. In her first enumeration, A. H. S. contends that the trial court erred in sentencing A. H. S. without first making an express finding, on the record and supported by the evidence, that A. H. S. was in need of treatment or rehabilitation. Pretermitting the question of

whether such an express finding is required by OCGA § 15-11-35 (a) (2), we find no merit to this enumeration because contrary to A. H. S.'s contention, the juvenile court did expressly find in its probation order that A. H. S. had committed the delinquent acts with which she was charged, and that A. H. S. was a delinquent/unruly child who needed treatment, rehabilitation or supervision. And the evidence presented to the juvenile court, including A. H. S.'s own in-court admission of guilt, warranted such a finding. It demonstrated that before losing control of her car and colliding with the tree that killed one of her passengers, A. H. S. had been drinking and was driving at least ten miles over the speed limit. The evidence further showed that A. H. S. was having psychiatric difficulties dealing with the accident. This evidence not only was sufficient for the juvenile court to have concluded beyond a reasonable doubt that A. H. S. committed the delinquent acts with which she was charged, as required by OCGA § 15-11-33 (a), but also amounted to clear and convincing evidence, as required by OCGA § 15-11-33 (b) (2), that A. H. S. was in need of treatment, rehabilitation and supervision of the type ordered by the juvenile court.

2. In her second enumeration, A. H. S. contends that the trial court exceeded its authority by prohibiting her from driving until the expiration of her probation, rather than her eighteenth birthday. Specifically, A. H. S. argues that the trial court was not authorized to impose such a condition as part of A. H. S.'s probation because OCGA § 15-11-35 (b) dictates that a juvenile court may suspend a juvenile's license only until the time the juvenile reaches the age of 18.

OCGA § 15-11-35 (b) provides in pertinent part that a juvenile "court may, in addition to any other treatment or rehabilitation, suspend the driver's license of [a] child for any period not to exceed the date on which the child becomes 18 years of age. . . ." That Code section, however, deals only with the suspension of a juvenile's license, and does not expressly abrogate any authority the juvenile court has under OCGA § 15-11-35 (a) (2) to place a "child on probation under conditions and limitations the court prescribes. . . ." In the instant case, the juvenile court suspended A. H. S.'s license only until her eighteenth birthday. The court then directed, as a reasonable condition of probation, that after A. H. S.'s license was returned to her, A. H. S. not drive until the end of her probation. Based on the nature of the delinquent acts A. H. S. committed and the broad discretion given trial judges in setting conditions of probation, and in the absence of express authority to the contrary, we see no logical reason why this reasonable condition of probation should not be approved. See *Brock v. State*, 165 Ga. App. 150, 151 (299 SE2d 71) (1983) ("Probated . . . sentences, upon reasonable conditions, have traditionally been used by trial judges in Georgia as effective tools of rehabilita-

tion and serve a useful purpose in appropriate cases. . . .”). We also reject any contention that our holding in *In the Interest of J. E. H.*, 202 Ga. App. 29, 30 (413 SE2d 227) (1991), demands a different conclusion. In that case, we held that after a dispositional hearing, a juvenile court finding a child in need of treatment or rehabilitation can make any dispositional orders provided under OCGA § 15-11-35. This would include orders establishing probation under reasonable conditions and limitations pursuant to OCGA § 15-11-35 (a) (2), as well as those suspending a child's driver's license pursuant to OCGA § 15-11-35 (b).

3. It is undisputed that A. H. S. did not reside in the same county as the juvenile court that adjudicated her delinquency. As such, the adjudicating juvenile court was required under OCGA § 15-11-16 (b) to communicate its findings of delinquency to its sister court in A. H. S.'s county of residence and, before entering an order of disposition, request any information or recommendations relevant to A. H. S.'s disposition. In her third enumeration, A. H. S. contends that because there is no evidence in the record that the adjudicating juvenile court complied with the requirements set forth in OCGA § 15-11-16 (b), the disposition reached by that court must be reversed. In this state, however, “there is a presumption that a trial judge, acting as a public official, faithfully and lawfully performed the duties devolving upon him[,] and in the absence of [record evidence to the contrary], we will presume that the trial court fully complied with the law.” (Citations omitted.) *AAA Bonding Co. v. State of Ga.*, 192 Ga. App. 684, 685 (3) (386 SE2d 50) (1989).

4. In her fourth enumeration of error, A. H. S. argues that the record does not indicate whether the two twelve-month periods of probation she received for each of her delinquent acts were to run concurrently or consecutively, and thus that the probation periods should be treated as running concurrently. We cannot agree. At the conclusion of A. H. S.'s dispositional hearing, the juvenile court informed all concerned parties that it was “plac[ing A. H. S.] on probation for twelve months on each count, which will be 24 months.” This statement from the juvenile court, combined with the dictates found in the court's amended order of October 17, 1995, demonstrates that the probation periods imposed by the court were to run consecutively, and that this was made clear to A. H. S. Accordingly, we find no merit to this enumeration.

5. Finally, we reject the contention found in A. H. S.'s fifth enumeration that the juvenile court erred in accepting her plea without ascertaining the voluntariness of the plea. The record indicates that the State set forth, without objection, a factual basis for the plea and the trial court's adjudication of delinquency based on second degree vehicular homicide and speeding. And it is undisputed that A. H. S.,

represented by counsel, admitted in open court that she committed the abovementioned acts. At no time during the hearing did A. H. S. ever indicate that she did not understand the charges against her or that the plea she was entering was involuntary. In fact, A. H. S. does not actually assert this in her appellate brief. Moreover, the record shows that prior to admitting her delinquency, A. H. S. had been advised of her rights, and had in fact signed an "Acknowledgment of Rights" form. The record further demonstrates that at the time A. H. S. entered her plea, she was a 17-year-old high school senior taking college level courses and ranked in the upper part of her class. Based on the evidence of record set forth above, we conclude that A. H. S.'s plea was intelligently and voluntarily made.

*Judgment affirmed. Andrews and Smith, JJ., concur.*

DECIDED DECEMBER 5, 1996.

*Paul S. Liston*, for appellant.

*William T. McBroom III, District Attorney, Randall K. Coggin, James E. Sherrill, Assistant District Attorneys*, for appellee.