## A97A0414. ROBERTSON v. THE STATE.

### (484 SE2d 18)

BLACKBURN, Judge.

Following a fight with David Winstead and Jerry McDaniel, William Daniel Robertson pulled a gun from his truck and shot Winstead in the foot. Robertson appeals his conviction on two counts of aggravated assault, contending the trial judge erred in excluding expert testimony, in giving an improper jury charge, and in failing to recuse herself from the trial of the case. Robertson also contends that the written sentence issued by the judge did not conform to the sentence announced in open court.

1. At trial, Robertson testified that he shot Winstead at close range in self-defense, while Winstead testified that he was shot at a range of between 15 and 30 feet after the fight was over. To support his version of events, Robertson attempted to present expert testimony from the emergency room physician who treated Winstead that, from the angle of the wound in the body, the shot must have been fired from close range.

In a proffer of evidence outside the presence of the jury, the physician stated that he believed the shot was either fired at a downward angle with the victim's foot flat, or was fired from a distance with the foot at an angle. The physician admitted that this opinion was based solely upon the angle at which the bullet entered the body, and that he had no formal training in ballistics. Although the physician had previously assisted law enforcement agencies in determining the angle of entry of a bullet and the position of the victim when shot, he had never been asked to determine where an assailant might have been standing when a shot was fired.

Under these circumstances, the trial court did not abuse its discretion in refusing to allow the physician to express an opinion regarding the distance from which the gun was fired or the trajectory of the bullet, as such matters were outside the physician's area of expertise. See *McDonald v. Glynn-Brunswick Mem. Hosp.*, 204 Ga. App. 7 (418 SE2d 393) (1992) (whether witness has such expertise to be treated as expert is within sound discretion of trial court, and such discretion will not be disturbed unless manifestly abused). The physician was allowed to testify as to the point of entry of the bullet and the angle of the wound in the body. As he had no training or expertise in ballistics or bullet trajectories, any opinion he might have expressed regarding the position of the gunman or the trajectory of the bullet would merely have been based on a commonsense extrapolation from the angle of the wound, and not on any specialized knowledge he possessed.

Furthermore, any error in failing to allow the physician to express his opinion was harmless, as the proffered testimony was

equivocal at best. The physician admitted he could not state where Robertson was standing when he fired the shot, and admitted that the shot could have been fired at a distance if the victim's foot were angled. Thus, his testimony could support either Robertson's or the State's version of events. Accordingly, "it is highly probable that the exclusion of this evidence did not contribute to [Robertson's] conviction," and any error was thus harmless. *Shaw v. State*, 241 Ga. 308, 310 (1) (245 SE2d 262) (1978).

2. Robertson argues that the trial court erred in recharging the jury on the defense of justification, by failing to identify the portion of the original justification charge that was erroneous. However, when the judge asked the parties if they had any exceptions to the recharge, Robertson's attorney affirmatively stated that he had none, and did not reserve the right to make later objections. Accordingly, any objection to the recharge is waived. *Lewis v. State*, 215 Ga. App. 161, 164 (4) (450 SE2d 448) (1994).

Moreover, even if the alleged error had been preserved for appeal, Robertson's argument is without merit, as the court expressly instructed the jury to ignore the previous justification charge and only consider the recharge. As the recharge adequately identified the charge to be retracted, it cured any error in the original charge. See *Johnson v. State*, 148 Ga. App. 702, 704 (2) (252 SE2d 205) (1979).

3. Robertson contends that he is entitled to a new trial because the trial judge improperly failed to recuse herself from the trial of the case. After the trial was completed, but before the sentencing hearing, the trial judge discovered that her husband, an attorney, was representing the victim in connection with a potential civil suit against Robertson. The trial judge, who was a magistrate judge sitting by designation, had not been assigned to this case until the morning of trial, and was not aware of her husband's connection with the victim during the trial. Immediately upon learning of her husband's involvement, she recused herself from the sentencing phase.

OCGA § 15-1-8 (a) (2) requires a judge to disqualify herself if she is pecuniarily interested in the case or is "related by consanguinity or affinity within the sixth degree . . . to any party interested in the result of the case or matter." "To work a disqualification the interest must be a direct, certain, and immediate interest, and not one which is indirect, incidental or remote." (Punctuation omitted.) *DeLoach v. State*, 78 Ga. App. 482, 486 (2) (51 SE2d 539) (1949). In *DeLoach*, this Court held that a judge was not required to recuse himself from a criminal drunk driving trial, despite the fact that the judge's son had been hired to represent the victim on a contingent fee basis in a civil action against the defendant. As in *DeLoach*, any interest the judge or her husband may have had in this criminal case "was one which is

not direct, certain, and immediate." Id. at 487. Accordingly, the judge was not required to recuse herself under OCGA § 15-1-8 (a).

Canon 3 (E) (1) of the Code of Judicial Conduct provides an additional rule of disqualification that is broader than the statute, stating that "[j]udges shall disqualify themselves in any proceeding in which their impartiality might reasonably be questioned, including but not limited to instances where . . . the judge's spouse . . . is known by the judge to have a more than de minimis interest that could be substantially affected by the proceeding." See *Stephens v. Stephens*, 249 Ga. 700, 701 (2) (292 SE2d 689) (1982). Canon 3 (E) (2) requires judges to "make a reasonable effort to keep informed about the personal financial interests of their spouses."

Under the peculiar circumstances of this case, the trial judge's impartiality cannot reasonably be questioned. Since the judge had no actual knowledge of her husband's representation of the victim during the trial, such representation could not have affected her partiality. Although a judge must make a reasonable effort to keep informed about her spouse's financial interests, it is unreasonable to require a judge to know all of her attorney-husband's clients, particularly clients on whose behalf no lawsuit has yet been filed. In this case, the judge's failure to recognize that the victim was a client of her husband's is particularly understandable, since the judge was not assigned to the case until the morning of trial. Under these circumstances, the judge's partiality could not reasonably be questioned, and she was not obligated to recuse herself.

4. Robertson's final enumeration of error asserts that the written sentence signed by the judge contained a scrivener's error and did not accurately reflect the sentence announced in open court. As the sentence has been amended to correct this error, this enumeration is moot.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED FEBRUARY 24, 1997 —
RECONSIDERATION DENIED MARCH 12, 1997.

*John C. Gullickson*, for appellant.
*Daniel J. Porter, District Attorney, David K. Keeton, Assistant District Attorney*, for appellee.