## A97A1517. ROUNDTREE v. THE STATE.
(490 SE2d 526)

BLACKBURN, Judge.

Kelvin Roundtree appeals his conviction of aggravated battery. Roundtree contends that the trial court erred in its recharge to the jury regarding the definition of malice as applied to aggravated battery.

Initially, we note that at trial Roundtree's counsel stated that he had no objections to the trial court's charge or to the trial court's recharge. Accordingly, any objection to the recharge is waived. See *Robertson v. State,* 225 Ga. App. 389, 390 (2) (484 SE2d 18) (1997). Our review, therefore, is limited to whether the recharge contained a substantial error "which was harmful as a matter of law." OCGA § 5-5-24 (c).

The trial court's initial charge and recharge on aggravated battery and malice consisted of the following: "A person commits the offense of aggravated battery when he maliciously causes bodily harm to another by seriously disfiguring that person's body or a member of that person's body. I also charge you that the disfigurement of the victim need not be permanent as long as such disfigurement is what you, as the jurors, consider to be serious. And I also charge you in that regard that legal malice is not necessarily ill-will or hatred, but in a case of this nature, would be the unlawful intention to hit someone without justification, excuse or mitigation."

Our Supreme Court has previously determined that with regard to aggravated battery "[a] person acts 'maliciously' when he acts intentionally *and* without justification or serious provocation." (Emphasis in original.) *Wade v. State,* 258 Ga. 324, 330 (11) (d) (368 SE2d 482) (1988). This definition is substantially similar to the charge given in the instant case. Therefore, the instruction was not erroneous as a matter of law, and the trial court did not err in giving said charge.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED JULY 30, 1997.

M. Ross Becton, Jr., for appellant.

Spencer Lawton, Jr., District Attorney, Christine S. Baker, Assistant District Attorney, for appellee.