A97A2490. BROOKS v. THE STATE.
(500 SE2d 11)

McMURRAY, Presiding Judge.

Defendant Brooks appeals his conviction of two counts of child molestation. The sole enumeration of error maintains that the trial court erred in finding trial counsel effective. *Held*:

1. In order to prevail on his claim of ineffective assistance of trial counsel, defendant was required to show that trial counsel was defi-

cient and that there was a reasonable possibility that the outcome of the proceedings would have been different, but for trial counsel's deficiency. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674). There is a strong presumption that trial counsel's conduct fell within the broad range of professional conduct. *Roberts v. State*, 263 Ga. 807 (2), 808 (439 SE2d 911). The trial court's ruling that trial counsel's performance did not fall below an objective standard of reasonableness and that defendant failed to show a reasonable probability that the result would have been different but for the alleged errors must be upheld unless those findings are clearly erroneous. *Garrett v. State*, 196 Ga. App. 872 (1), 874 (397 SE2d 205). A conviction will not be reversed on the basis of ineffective assistance of counsel unless trial counsel's conduct so undermines the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Adefenwa v. State*, 221 Ga. App. 429, 431 (3), 432 (471 SE2d 900).

The evidence of record supports the trial court's determination that defendant has failed to satisfy his burden as to either prong of the *Strickland* test. The trial court did not err in denying defendant's motion for new trial.

2. One of the child molestation convictions was predicated on defendant having watched a pornographic film with the victim. A sexually explicit videotape obtained from defendant shortly after his arrest was introduced into evidence at trial. Defendant contends that trial counsel was deficient in that he failed to attempt to suppress the videotape.

The only evidence of record concerning the circumstances of defendant's arrest and the transfer of possession of the videotape arise from the trial testimony of the arresting officer. That officer testified that following an interview of the victim, "I talked with a judge and obtained warrants. We got a consent search to search the residence when we went there because of the tape [the victim] had mentioned and just did some corroboration and investigations." The officer testified that when she went to defendant's home to arrest him she "told him [she] had a consent search, that [she] understood that he had a porno tape, and did he have tapes in the residence, and he showed [her] . . . which one was the porno tape." Although less than clearly stated by the officer's testimony, the trial court reasonably understood the officer's references to "consent search" to mean a "search warrant consented to by the child's mother who was then the wife of the defendant and was living with the defendant. The search warrant gave the officer permission to search the house to attempt to locate the video tape which the child had made reference to in her statement to authorities." Defendant has not challenged the trial court's understanding of the trial testimony, but addresses the

absence of documentary proof as to the existence of a consent or warrant, and questions whether defendant voluntarily consented to a search.

Under these circumstances, we find no merit in defendant's assertion that the videotape could have been suppressed. No documentary evidence was required to corroborate the officer's testimony. A search of the defendant's home was authorized by the consent of his wife, who possessed common authority over the premises. *Boggs v. State*, 194 Ga. App. 264 (390 SE2d 423); *Pupo v. State*, 187 Ga. App. 765, 767 (5) (371 SE2d 219). And the officer's possession of consent to search or search warrant for defendant's residence made it inevitable that the pornographic film would be found among the approximately 20 videotapes in defendant's collection. *Barnett v. State*, 204 Ga. App. 491, 492 (1), 494 (420 SE2d 43). Questions as to whether defendant voluntarily consented to a search need not be reached.

3. We find no merit in defendant's contention that trial counsel was ineffective in failing to file *Brady* (*Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215)) and discovery motions. Trial counsel determined that it was unnecessary to file discovery motions in view of the policies of the district attorney which permitted him absolutely open access to the prosecution files. While this Court has approved of an attorney's decision to abstain from filing discovery motions under such circumstances in *Cunningham v. State*, 222 Ga. App. 740, 744 (2) (c) (475 SE2d 924), defendant complains that this permitted his trial counsel to be surprised at trial by a statement which defendant had given at the time he was first arrested. Nonetheless, trial counsel related that the prosecuting attorney was also unaware of the statement prior to trial, that trial counsel was informed of the statement during trial and afforded an opportunity to discuss it with the officer who conducted the interview, and that there was no reason to believe that the statement could have been obtained via motion prior to trial. In any event, the statement in question was not introduced at trial by the State.

Defendant also asserts that trial counsel failed to interview Cathy Anderson, the victim's mother and defendant's wife at the time of the crimes of which he was convicted, and thereby learn that she felt defendant was innocent and that the victim was prone to lying and fabricating stories. At the motion for new trial hearing, Anderson testified that she was not interviewed by trial counsel but that she would have willingly provided him with this information. Trial counsel testified as to learning of Anderson's statements to family members that she thought the victim had lied but "would not get involved because either DFACS or the Victim/Witness people had threatened to terminate her parental rights if she got involved." Trial

counsel also testified that he had spoken to Anderson on two or three occasions and that she did not express an opinion that defendant was innocent or a desire to testify for him until after the jury had retired to deliberate.

Defendant suggests that had trial counsel learned of Anderson's opinions, she could have been called as a defense witness at trial. Yet, the trial court resolved the conflicts between the motion for new trial testimony of Anderson and of trial counsel by believing trial counsel.

Trial counsel did not attempt to interview the victim prior to trial but explained that after speaking to the victim's mother, he did not think she would allow him access to the child. Additionally, trial counsel explained that he had access to the videotaped interview with the victim which was very thorough.

Defendant also contends that, through a *Brady* motion, trial counsel could have learned from the notes of the child victim advocate that the victim may have been abused sexually as a three-year-old and that such information could have been useful in attacking the credibility of the victim. However, this evidence of the victim's sexual history is inadmissible due to the Rape Shield Act, OCGA § 24-2-3. *McGarity v. State*, 224 Ga. App. 302, 303 (1) (480 SE2d 319). And the State never introduced any evidence such as would make the prior abuse admissible as rebuttal under *Chambers v. State*, 205 Ga. App. 78, 79 (4), 81 (421 SE2d 326). Furthermore, the victim was not even aware of the prior incident of abuse which occurred when she was three years of age. Trial counsel was not deficient in failing to obtain this evidence which was of no apparent value in relation to the case sub judice.

4. A videotape of an interview with the victim was played during the State's case in chief. During the viewing of the videotape the jurors were provided with the transcript of the recording and given limiting instructions that the videotape, but not the transcript, was evidence. Neither the videotape nor the transcript were sent out with the jury. During jury deliberations, the jury asked to see the transcript again. The trial court declined to send the transcript out to the jury room, but returned the jury to the courtroom where the jury was allowed to view the videotape again and to use the transcript to assist them during the replay of the videotape. Defendant complains of the failure of trial counsel to object to the replay of the videotape and provides an argument predicated on inapposite continuing witness cases, involving documentary evidence going out to the jury room. The replaying of evidence which the jury asked to hear is within the discretion of the trial court. *Lee v. State*, 259 Ga. 230, 232 (4) (378 SE2d 855); *Nelson v. State*, 208 Ga. App. 671, 673 (4) (431 SE2d 450). Trial counsel was not deficient in failing to raise the meritless objection urged by defendant.

5. Trial counsel was not deficient in failing to object to expert testimony from a clinical psychologist who described the victim's behavior and testified that her behavior was consistent with that of a child who had been sexually abused. The expert did not provide any opinion as to whether in fact the victim had been abused. The testimony of the expert witness was admissible under *Allison v. State*, 256 Ga. 851, 852-853 (2), (5) (353 SE2d 805) which explicitly allows testimony of the nature provided by the expert in this case but prohibits any opinion that the child has in fact been abused, unless such opinion is predicated on evidence beyond the understanding of the jury. Contrary to defendant's argument, there is nothing in the more recent decision of *Hilliard v. State*, 226 Ga. App. 478 (487 SE2d 81) which would prohibit any portion of the testimony given by the expert in this case.

6. Defendant's final argument is that trial counsel failed to interview key witnesses and failed to adequately prepare. The specific instances noted in connection with this contention are addressed in the preceding divisions of this opinion and require no further discussion.

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED MARCH 12, 1998 —
RECONSIDERATION DENIED MARCH 25, 1998

*Cook & Connelly, Bobby Lee Cook, Todd M. Johnson*, for appellant.

*Tambra P. Colston, District Attorney, C. Stephen Cox, Fred R. Simpson, Assistant District Attorneys*, for appellee.