## A99A0350. KELLY v. THE STATE.
(520 SE2d 32)

RUFFIN, Judge.

On January 22, 1996, Yvonne Dykes was brutally attacked in her home, where she was later discovered, unconscious and with severe head injuries, by her husband, Keith Dykes. Robert Jermaine Kelly was subsequently arrested and charged with armed robbery, aggravated battery, and burglary in connection with the attack. Following a jury trial in the Superior Court of Liberty County, Kelly was convicted on all counts. He appeals, contending that the trial court erred in denying his motion for recusal and that he received ineffective assistance of counsel. We affirm.

1. Before trial, Kelly filed a motion seeking recusal of all five superior court judges in Liberty County. The motion asserted that Keith Dykes, the victim's husband, was a Liberty County commissioner, and that the Liberty County Commission provided supplemental salaries to sitting judges in the circuit. The motion asserted that recusal was required to avoid an appearance of impartiality and bias. At the hearing on the motion, Kelly submitted an affidavit from the county administrator stating that the county commission pays all superior court judges in the Atlantic Judicial Circuit a supplementary salary of $4,918 per year and also pays 48.18 percent of the judges' operating budgets. At the conclusion of the hearing, the trial judge denied the recusal motion.

On appeal, Kelly argues that the trial judge erred in considering the merits of his recusal motion rather than referring the matter to another judge from a different judicial circuit. He cites Uniform Superior Court Rule 25.3, which states that

> [w]hen a judge is presented with a motion to recuse, or disqualify, accompanied by an affidavit, the judge shall temporarily cease to act upon the merits of the matter and shall immediately determine the timeliness of the motion and the legal sufficiency of the affidavit, and make a determination, assuming any of the facts alleged in the affidavit to be true, whether recusal would be warranted. If it is found that the motion is timely, the affidavit sufficient and that recusal would be authorized if some or all of the facts set forth in the affidavit are true, another judge shall be assigned to hear the motion to recuse.

Pretermitting whether the motion and affidavit were timely and whether Kelly properly preserved this issue for appeal, the trial court did not err in denying the motion, since recusal was not

required under the facts alleged in the affidavit.[1] If all three of the conditions precedent set forth in USCR 25.3 are not met,

> the trial judge shall deny the motion on its face as insufficient, and there is no need for the trial judge to assign the motion to another judge to hear. "It is as much the duty of a judge not to grant the motion to recuse when the motion is legally insufficient as it is to recuse when the motion is meritorious." (Citation and punctuation omitted.) *Henderson v. McVay*, 269 Ga. 7, 9 (494 SE2d 653) (1998).

*Gibson v. Decatur Fed. Sav. &c. Assn.*, 235 Ga. App. 160, 166-167 (3) (508 SE2d 788) (1998).

Kelly argues that recusal is required by both OCGA § 15-1-8 (a) (1) and Canon 3 (E) (1) of the Code of Judicial Conduct. OCGA § 15-1-8 (a) (1) requires a judge to disqualify himself if he is "pecuniarily interested" in the case. Kelly argues that the trial judge had a pecuniary interest in this case because the victim's husband was on the county commission, which provided supplemental salaries and operating budgets to sitting judges. However, "[t]o work a disqualification [under OCGA § 15-1-8 (a) (1)] the interest must be a direct, certain, and immediate interest, and not one which is indirect, incidental or remote." (Punctuation omitted.) *DeLoach v. State*, 78 Ga. App. 482, 486-487 (2) (51 SE2d 539) (1949). In *DeLoach*, we held that a judge was not required to recuse himself from a criminal drunk driving trial, despite the fact that the judge's son had been hired to represent the victim on a contingent fee basis in a civil action against the defendant. In *Robertson v. State*, 225 Ga. App. 389, 390-391 (3) (484 SE2d 18) (1997), we held that recusal was not required in an aggravated assault case even though the judge's husband was representing the victim in connection with a potential civil suit against the defendant. Similarly, "any interest the judge . . . may have had in this criminal case was one which is not direct, certain, and immediate. Accordingly, the judge was not required to recuse [himself] under OCGA § 15-1-8 (a)." (Citation and punctuation omitted.) Id.

Canon 3 (E) (1) of the Code of Judicial Conduct provides an additional rule of disqualification that is broader than the statute. *Rob-*

---

[1] We note that the required affidavit was not filed until the day of the hearing, more than a month after the recusal motion was filed, although USCR 25.1 requires that the affidavit accompany the motion and that "[f]iling and presentation to the judge shall be not later than five (5) days after the affiant first learned of the alleged grounds for disqualification." See *Thomason v. State*, 199 Ga. App. 875 (1) (406 SE2d 528) (1991) ("A trial court does not err in denying a motion to recuse which was not timely filed."). Moreover, Kelly's attorney appeared at the hearing and argued the merits of the recusal motion, without specifically requesting that the trial judge refer the motion to another judge.

*ertson*, supra at 391 (3). Under this rule,

> [j]udges shall disqualify themselves in any proceeding in which their impartiality might reasonably be questioned, including but not limited to instances where . . . the judge . . . [has] a more than de minimis interest that could be substantially affected by the proceeding.

CJC Canon 3 (E) (1) (c) (iii).

> [I]mpartiality might reasonably be questioned means a reasonable perception, of lack of impartiality by the judge, held by a fair minded and impartial person based upon objective fact or reasonable inference. . . . The trial judge, assuming the truth of any facts alleged, must determine the legal sufficiency of the grounds for such perception, whether a reasonable person might conclude that the judge harbors a bias, stemming from an extra-judicial source, which is of such a nature and intensity that it would impede the exercise of impartial judgment.

(Punctuation omitted.) *Baptiste v. State*, 229 Ga. App. 691, 694 (1) (494 SE2d 530) (1997).

Kelly did not present at the hearing any evidence that this particular trial judge possessed any bias against him or in favor of the State. Rather, he contended simply that recusal of all judges in the district was required because "[i]t would be very difficult for the Court to rule against the state in this matter knowing that the victim is a county commissioner. It's kind of like biting the hand that feeds you." However, trial judges are often required to issue rulings that might offend influential members of legislative bodies, as when they must pass on the constitutionality of a statute or ordinance. Moreover, as elected officials, judges are often required to decide cases that are of great interest to large blocs of voters, who may remember the judge's ruling in the next election. Recusal is not required simply because a judge may have to issue a ruling that might offend an individual or group that could possibly take adverse action against him. "[T]here is a presumption that a trial judge, acting as a public official, faithfully and lawfully perform[s] the duties devolving upon him." (Punctuation omitted.) *In the Interest of A. H. S.*, 223 Ga. App. 824, 826 (3) (479 SE2d 157) (1996). In the absence of any particular reason to suspect bias on the part of the trial judge in this case, we do not believe that the judge's impartiality could reasonably be questioned simply because the victim's husband is a county commissioner. Cf. *Hornsby v. Campbell*, 267 Ga. 511, 514-515 (2) (480 SE2d 189) (1997) (in absence of personal bias, recusal of superior court judges

not required in quo warranto action to declare city solicitor's office vacant simply because, under state law, such judges would nominate successor to fill vacancy). Because the facts presented in Kelly's affidavit do not require recusal, the trial court properly denied the recusal motion and was not required to refer the motion to another judge for decision. See *Gibson*, supra at 167 (3).

2. Kelly asserts that his trial counsel was ineffective in failing to interview certain witnesses and failing to object to evidence regarding his invocation of his right to remain silent. To prevail on a claim of ineffective assistance of trial counsel,

> appellant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the [adversarial] process that renders the result unreliable. There is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance, and that any challenged action by trial counsel might be considered sound trial strategy.

(Citations and punctuation omitted.) *Stephens v. State*, 265 Ga. 120, 121-122 (453 SE2d 443) (1995). See also *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984). "In order to rebut this presumption, appellant must show that counsel's representation fell below an objective standard of reasonableness." (Punctuation omitted.) *Smith v. State*, 234 Ga. App. 586, 588 (1) (506 SE2d 406) (1998). A trial court's finding that counsel's performance did not fall below an objective standard of reasonableness and that the defendant failed to show a reasonable probability that the result would have been different but for the alleged errors must be upheld unless those findings are clearly erroneous. *Brooks v. State*, 231 Ga. App. 561, 562 (1) (500 SE2d 11) (1998).

Kelly contends that trial counsel was ineffective in failing to locate a potential witness, Henry Barnett. The State asserted at trial that the victim was beaten with a shotgun that had been stolen from McDonald Hunt in a previous burglary and that was later discovered in a canal near the crime scene. Thomas Evans, an eight-year-old child, testified that, a few days before the incident, he saw Kelly shoot a sick dog with a shotgun similar to the one discovered in the canal. Before trial, Kelly informed trial counsel that the shotgun he used to shoot the dog in fact belonged to Henry Barnett. At the motion for new trial hearing, trial counsel testified that he hired a private detective to try and locate Barnett. However, the telephone number provided by Kelly was disconnected and no new number was

on record, and the detective was unable to locate Barnett despite interviewing several people in the area where he was believed to live. We cannot say that trial counsel's attempts to locate Barnett by using a private investigator fell below an objective standard of reasonableness. See *Parker v. State*, 220 Ga. App. 303, 309 (6) (469 SE2d 410) (1996); *Cooper v. State*, 232 Ga. App. 461, 463 (2) (a) (502 SE2d 306) (1998). Moreover, Kelly failed to call Barnett as a witness at the motion for new trial hearing or offer any other evidence showing that Barnett would have presented any helpful testimony. Thus, Kelly has failed to show that the failure to locate Barnett prejudiced his defense. See *Parker*, supra.

Kelly also contends that trial counsel was ineffective in failing to personally interview certain alibi witnesses. Counsel testified that his private investigator interviewed these witnesses, that they gave inconsistent and contradictory statements, and that they did not provide an alibi for the time the assault was committed. He testified that he decided not to use these witnesses because he did not want "three people who couldn't tell the same story twice" and because they would make the defense appear frivolous. He further testified that he discussed these witnesses with Kelly, who ultimately agreed they should not be called. Although Kelly asserts on appeal that counsel should have personally interviewed these witnesses, he does not show how a personal interview would have changed the strategic decision not to call the witnesses, nor does he provide any details whatsoever as to how the witnesses might have testified.[2] Thus, Kelly has failed to show either that counsel's performance was deficient or that any deficiency prejudiced his defense. See *Jordan v. State*, 230 Ga. App. 344, 345 (b) (496 SE2d 486) (1998); *Polk v. State*, 225 Ga. App. 257, 259 (1) (c) (483 SE2d 687) (1997); *Cline v. State*, 224 Ga. App. 235, 238 (4) (480 SE2d 269) (1997).

Kelly contends that trial counsel failed to adequately interview Kelly's mother regarding a video game and diamond ring that had purportedly been stolen from McDonald Hunt's home along with the shotgun, and that were subsequently pawned by Kelly at local pawn shops. Kelly claims that his mother had given him the diamond ring to pawn. Trial counsel testified that the mother informed him of this fact during mid-trial, but that he decided not to present her testimony because, even if her testimony had been "outstanding," it still "would not have broken down all the bits and pieces of the case against [Kelly]," including the stolen video game that Kelly had pawned. In addition, counsel did not want to lose the ability to make the final argument by presenting evidence. Kelly does not question

---

[2] Indeed, nowhere in his appellate brief does Kelly even name these alibi witnesses.

counsel's strategic decision not to present his mother's testimony, but simply contends that counsel did not adequately interview the mother. However, since counsel knew of the mother's testimony during trial, Kelly has not shown how he was prejudiced by any failure to discover this evidence during an earlier interview.

Finally, Kelly argues in his brief that trial counsel was ineffective in failing to object to a witness's statement that he invoked his right to remain silent during a police interview. However, Kelly did not raise this issue in his enumerations of error, and "a party may not expand his enumeration of error by argument and citation in the brief." *Mackey v. State*, 235 Ga. App. 209, 210 (1) (509 SE2d 68) (1998).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JUNE 25, 1999.

*Law Offices of Rodney G. Gregory, Wade M. Rolle*, for appellant.
*J. Thomas Durden, Jr., District Attorney, Jeffery N. Osteen, Assistant District Attorney*, for appellee.