**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J, and BOGGS, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 19, 2015**

# In the Court of Appeals of Georgia

A15A1008. HAYNES v. THE STATE.                                    DO-038 C

DOYLE, Chief Judge.

Carol Elisabeth Haynes appeals from her conviction for failure to maintain her lane,[1] reckless driving,[2] driving under the influence of alcohol to the extent it was less safe to drive[3] ("DUI less safe"), and driving within the gore.[4] She contends that the trial court erred by (1) not permitting her counsel to withdraw for the motion for new trial hearing, (2) conducting an unreported bench conference with her counsel outside her presence, (3) failing to allow her expert witnesses to testify as to certain matters,

---

[1] OCGA § 40-6-48.

[2] OCGA § 40-6-390 (a).

[3] OCGA § 40-6-391 (a) (1).

[4] OCGA § 40-6-50 (b).

and (4) not allowing trial counsel sufficient time to prepare for her motion for new trial. For the reasons that follow, we affirm.

Construed in favor of the verdict,[5] the record shows that at approximately 1:40 a.m. one Saturday morning, a police officer observed Haynes driving north on Interstate 75 and having trouble staying in her lane. The officer watched Haynes as her tires fully crossed each side of her lane at least twice. The officer continued to observe Haynes as she exited her lane and drove across the gore onto the exit ramp for Howell Mill Road. Due to her speed, Haynes was unable to stop before partially entering the intersection at the end of the exit ramp. The officer followed Haynes as she turned right, and based on Haynes's poor driving, the officer initiated a traffic stop.

The officer ran a computer check on Haynes's license plate and then approached her vehicle. As he initiated contact with Haynes through her open window, the officer immediately smelled a "very strong odor of alcoholic beverage upon her person." The officer observed her eyes to be very bloodshot, watery, glazed, and "she appeared to be sleepy." The officer asked Haynes where she had been coming from, and she replied "a party." Haynes's speech was "badly slurred," and

_____

[5] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

after being asked how much she had to drink, Haynes said she had consumed "not much . . . three beers."

The officer then asked her to perform a preliminary breath test, which she did, registering a positive result for alcohol. The officer asked Haynes to exit her vehicle, and Haynes was unsteady on her feet, staggering as she walked with the officer back toward his patrol car. The officer then performed a horizontal gaze nystagmus ("HGN") test on Haynes, and she exhibited six out of six clues of intoxication. The officer then had Haynes perform a walk and turn test, during which Haynes exhibited six out of eight clues of intoxication. At that point, Haynes became so emotional that the officer determined that she would not be able to perform any more field sobriety testing.[6] Based on his observations of Haynes's driving and roadside manner, the officer arrested Haynes for DUI.

Haynes was charged with DUI less safe, DUI per se,[7] reckless driving, failure to maintain lane, driving within a gore, and disregarding a traffic control device. The State elected not to pursue the DUI per se count, and following a jury trial on May 1,

---

[6] The officer had planned to administer a one-leg stand test.

[7] OCGA § 40-6-391 (a) (5).

2014, Haynes was found guilty on all remaining counts except for disregarding a traffic control device.

On May 2, 2014, Haynes moved for a new trial, alleging without any specificity that "the trial court made numerous procedural and substantive errors . . . to be enumerated in a supplement to this Motion which will be provided after receipt of the [trial] transcript." On June 21, 2014 and September 4, 2014, Haynes's counsel filed motions for extensions of time on the new trial motion as counsel awaited the transcript. On September 22, 2014, after the transcript was prepared, the trial court set an October 10, 2014 hearing date on the motion for new trial. Haynes filed no supplemental brief, and at the hearing, Haynes's counsel presented no substantive argument urging errors at trial. The trial court denied the motion for new trial, giving rise to this appeal.

We note at the outset that the enumerations of error in Haynes's appellate brief are difficult to parse.[8] She lists at least four errors, each with subparts containing additional arguments – some separately labeled, some not. Nevertheless, in the

[8] Her brief also lacks adequate citation to the record, a statement of the standards of review, and jurisdictional statement, as required by Court of Appeals Rule 22 (b) and Rule 25 (a).

argument section of her brief, she does not support many of her contentions with argument, citation to the record, or legal authority.

> [P]ursuant to the rules of this Court, an appellant must support enumerations of error with argument and citation of authority, and mere conclusory statements are not the type of meaningful argument contemplated by our rules. Accordingly, the majority of [Haynes's] arguments in this regard have been abandoned by [her] failure to provide citation to authority or meaningful argument and will not be addressed.[9]

We address the remaining arguments properly made on appeal.

1. Haynes contends that the trial court erred by limiting the scope of testimony presented by Dr. Spurgeon Cole, an expert defense witness called to testify "in the field of psychology as it relates to testing and measurement in terms of how this would relate to the field of sobriety evaluations utilized in this case." After Haynes's counsel examined the witnesses on his expertise, the State conducted a voir dire examination and objected based on the lack of foundation. The trial court sustained the objection, noting that she had only heard about one study done in the early 1990s by the witness who was now working part time for the Social Security

---

[9] (Footnotes and punctuation omitted.) *Brittain v. State*, 329 Ga. App. 689, 704 (4) (a) (766 SE2d 106) (2014).

5

Administration.[10] After additional argument ensued, the trial court reaffirmed its ruling, and Haynes examined her next witness before the trial broke for lunch. After the lunch break, the trial court reconsidered its ruling and allowed Haynes to call Dr. Cole as an expert.

On appeal, Haynes recounts these events without explaining why she was prejudiced by Dr. Cole's testimony or any limitation thereof. When the witness was offered by defense counsel as an expert in testing measurement, the trial court accepted the witness as such an expert over the State's objection. After this, defense counsel engaged in a lengthy direct examination of the witness, outlining his expertise and challenging the methods and underlying reliability of roadside sobriety testing. Haynes identifies no point during the examination or redirect in which the trial court improperly limited the witness's testimony based on his expertise. Accordingly, Haynes has failed to demonstrate any reversible error.

2. Haynes also argues that the trial court erred by limiting testimony by another expert witness, retired police officer Tony Corroto , but she does not support this argument with citation to the record, authority, or legal argument. Our review of the

_____

[10] The court was unsatisfied, in part, with Haynes's counsel's reliance on case law published prior to the adoption of Georgia's new evidence code, which became effective in 2013. See Ga. L. 2011, p. 99, § 101.

6

transcript reveals that after the parties initially argued about the admissibility of Corroto's testimony, the trial court ruled in favor of Haynes. Based on voir dire, the State agreed that Corroto was qualified as an expert for the purposes of addressing standardized field sobriety training and procedures, including HGN testing. The State *did* object to any testimony regarding medical analysis, in the absence of a foundation for such testimony, and the trial court agreed. Thus, Corroto was prohibited from giving medical opinions outside of "medical qualifying" of sobriety test subjects. Haynes accepted this ruling and assured the court that any medical opinions would be limited to the witness's training and background.

Haynes's counsel proceeded with his direct examination, which included a lengthy review of the training, procedure, and foundation for various forms of roadside sobriety testing, as well as challenges to the testing procedure in this case. Toward the end of Corroto's testimony, the trial court forbade testimony about percentages of reliability of standardized field sobriety tests on the ground that Corroto was not qualified as an expert in statistical reliability. This is consistent with the trial court's earlier ruling – to which Haynes did not object – and Haynes's proffer

of the witness's expertise.[11] Haynes does not demonstrate how any of the trial court's rulings conflicted with the expert's qualifications as established at trial. "[A] decision as to whether a witness possesses such learning or experience to qualify as an expert witness lies within the sound discretion of the trial court and will not be disturbed unless manifestly abused."[12] In light of the record before us, Haynes has demonstrated no abuse of discretion.

*Judgment affirmed. Phipps, P. J., and Boggs, J., concur.*

---

[11] See *Duncan v. State*, 232 Ga. App. 157, 160 (3) (500 SE2d 603) (1998); *Robertson v. State*, 225 Ga. App. 389 (1) (484 SE2d 18) (1997) (no error to exclude testimony outside of witness's area of expertise).

[12] (Punctuation omitted.) *Pepe-Frazier v. State*, 331 Ga. App. 263, 266-267, n. 10 (2) (770 SE2d 654) (2015) (decided under former evidence code but noting that "the standard under the former Evidence Code for permitting an expert to offer opinion testimony in a criminal proceeding was retained in Georgia's new Evidence Code at OCGA § 24-7-707").